[No. 6,833.—Department Two.]

## ROOT, NEILSON & CO. v. A. S. BRYANT.

MECHANIC'S LIEN—MORTGAGE—NOTICE.—Intermediate the execution and re-cording of a mortgage, work was commenced upon the mortgaged premises, and a mechanic's lien claimed therefor; *held*, that the lien of the mortgage was superior to the mechanic's lien, unless the plaintiff, at the time he commenced the work, had no notice of the existence of the mortgage.

ID.—ID.—ID.— FINDINGS.— In an action to foreclose the mechanic's lien in such case, there should be a finding upon the question of notice on the part of the claimant of the mechanic's lien.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Sixth District Court, County of Sacramento.   DENSON, J.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*George Cadwalader*, for Appellant.

*Freeman & Bates*, for Respondents.

THORNTON, J. :

In an action for the foreclosure of a mechanic's lien upon a sawmill and certain buildings and fixtures owned by A. S. Bryant, brought by Root, Neilson & Driscoll, doing business as partners under the firm name of Root, Neilson & Co., against the above named Bryant, the London and San Francisco Bank (limited) and others, in which was a contest between the plaintiffs and the bank, the Court adjudged that the plaintiffs had the prior lien.   The bank moved for a new trial, which was denied, and it prosecuted this appeal from the judgment and the order denying a new trial.

The Court found that the work and labor for which the plaintiffs claim a lien were performed between the          day of March, 1878, and the 16th of July, 1878, and the materials were furnished during the same period ; that the mortgage under which the bank claims its lien was executed on the 3rd day of May, 1877, and recorded on the 11th day of November, 1878.

The lien of the mortgage, then, attached on the 3rd day of May, 1877, and prior to the date that the work and labor were done by plaintiffs, or the materials were commenced to be furnished by them.

The lien of the mortgage is then superior to the lien claimed by plaintiffs, unless the plaintiffs at the time they performed the labor or commenced to furnish the materials had no notice of the existence of the then unrecorded mortgage. (Code Civ. Proc. § 1186.)

It does not appear from the findings that plaintiffs did not have such notice. To give them priority over the mortgage, *this* should have been found as a fact.

It follows from the above, that the Court erred in adjudging that the lien of plaintiffs was superior to that of the bank.

The order denying a new trial, and the judgment, are reversed, and the cause remanded for a new trial.

Sharpstein, J., and Myrick, J., concurred.