. [Sac. No. 712.   In Bank.—December 27, 1900.]

MARY E. McCLAIN, Respondent, v. CHARLOTTE E. HUTTON et al., Appellants. CONTINENTAL BUILDING AND LOAN ASSOCIATION, Appellant, v. I. H. HOLT et al., Respondents. CHARLOTTE E. HUTTON et al., Appellants.

MECHANICS' LIENS—VOID CONTRACT—PRIORITY OF LIENS OVER MORTGAGE.—Where the work done and materials furnished under a building contract, which is void for want of filing for record, was commenced before the date of a mortgage upon the premises, the mortgage is subject to the liens, if the claims of lien are valid.

ID.—EMPLOYMENT UNDER VOID CONTRACT—CLAIM OF LIEN—OWNER'S NAME STATED AS EMPLOYER.—Where a building contract is void because unrecorded, the labor and materials are deemed to have been done and furnished at the instance of the owner, and the claim of lien filed may properly state the name of the owner as the one by whom the claimant was employed, instead of the contractor, with whom the contract was in fact made.

ID.—STATEMENT OF CONTRACTOR'S NAME.—It is immaterial whether the claim, in such case, mentions the name of the owner or of the contractor, and claims which give the name of the contractor, instead of the owner, are not void because the contract was not recorded.

ID.—STATEMENT OF MATERIALS FURNISHED.—The statement in a claim of lien for materials furnished, which shows unequivocally that all of them were used on the buildings, and shows a

special contract to pay therefor, and sets forth facts sufficient to sustain a complaint in *indebitatus assumpsit* or debt, is not defective because it fails to state specifically the kind of materials furnished, or the prices of the several items.

Id.—Variance Between Claim and Findings—Interest on Items Furnished.—There is no substantial variance between a claim setting forth a contract for interest at the rate of ten per cent after sixty days from time of purchase of each item of materials, and the findings, which fail specifically to set forth the claim for interest, but which show that the claim attached to the complaint and not denied "contained a true statement of the demand," etc.

Id.—Terms of Contract—Change of Terms.—A statement in the claim that, at the time of the work, there was no agreement as to price, but it was agreed that the claimant was to be paid what the labor was reasonably worth, and that afterward the sum of four dollars per day was agreed upon between the claimant and the contractor as a reasonable sum, properly states the terms of the contract.

Id.—Materials for Cement Sidewalk.—Materials furnished for the construction of a cement sidewalk constructed in connection with the building, under circumstances showing it to be a part thereof, may be claimed as a lien upon the building.

Id.—Time Given—Presumption.—Where no statement is made in the claim of time given, the presumption of law is that no time was given.

Id.—Labor Performed at "Usual Rates."—The statement in a claim that the labor was to be performed "at the usual rates" is equivalent to stating "for what it was reasonably worth."

Id.—Lien for Hauling Materials.—A person directly employed by the contractor as agent of the owner in the hauling of materials to be used in the construction of the building has a lien therefor upon the building.

Id.—Lien Upon Separate Property of Wife—Statement of Names of Husband and Wife in Claim—Mistake.—A claim of lien upon the separate property of the wife, giving the names of the husband and wife as "the names of the owners and reputed owners of the said premises," is not void upon the ground that the husband has no interest in the property. The claimant need not state the name of the owner or reputed owner if he is ignorant of it; and a mistake therein cannot affect the validity of his claim.

Id.—Description of Property in Claim.—Where the property described in a claim of lien unequivocally refers to one building built on one triangular lot, specifically described, which is in fact the separate property of a married woman, the words immediately following the description. "together with that triangular piece" deeded to such married woman by a specified

grantor, and referring to a similar situation thereof, if not intended to be another description of the same triangular lot, may be rejected as repugnant to the preceding description.

Id.—Liens Upon Premises Partly Mortgaged—Foreclosure—Claims of Lien in Two Suits—Modification of Judgment.—In an action to foreclose a mortgage and building liens covering more land than the mortgage, a judgment for the sale of the mortgaged premises in satisfaction of the mechanics' liens is erroneous; and when all questions relating to the liens are involved in another suit, the decree of foreclosure of the mortgage should be modified so as to confine it to the foreclosure of the mortgage, and to securing any surplus resulting from the sale of the mortgaged premises for the benefit of the other lienholders.

Id.—Indeterminate Claim—Variance.—Where the evidence shows that a claim of lien includes a portion of materials used upon other property not involved in the action, and that these cannot be segregated from the general aggregate, and that there is a variance as to the terms of the contract stated in the notices of lien, as to the time of payment, the lien is invalid, and cannot be enforced.

Id.— Void Contract —Lien of Contractor — Membership in Firm.— Where the contract is void for want of record, the contractor is not entitled to a lien; and he cannot indirectly assert a claim of lien for materials furnished as a member of a firm consisting of himself and his brother, especially when it fairly appears that the materials were furnished by him as contractor.

Id.—Personal Liability of Owner—Statutory Agency of Contractor. Under a contract void for want of record, the contractor cannot, merely as statutory agent of the owner, render the owner personally liable to subcontractors or materialmen.

Id.—Indefinite Findings as to Agency—Construction.—Indefinite findings as to the agency of the contractor for the owner, which do not show whether the agency was statutory or conventional, under pleadings and notices of lien which disclose a statutory agency, are to be construed as corresponding with the pleadings and notices of lien, and are insufficient to support a personal judgment against the owner.

APPEALS from judgments of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinions rendered in Bank and in Department.

William H. Jordan, and Coglan & Harvey, for Charlotte A. Hutton, Appellant.

Raleigh Barcar, for Continental Building and Loan Association, Appellant, and Mary E. McClain, Respondent.

Hudson Grant, for F. B. Chandler, Appellant, and for I. H. Holt, Respondent.

Hurst & Hurst, for Waggoner Brothers, Respondents.

Percy S. King, for Corlett Brothers, Respondents.

John M. Gregory, M. B. Harrison, and A. J. Dobbins, for Other Laborers and Materialmen, Respondents.

Vacaville Light and Water Company, Respondent, *in pro. per.*

THE COURT.—A rehearing of this cause in Bank was ordered, on the ground, among others, that the work done and materials furnished by the defendants Holt and Chandler were commenced prior to the date of the mortgage of the Continental Building and Loan Association, and not afterward, as stated in the decision heretofore filed. Hence, assuming the claims of these defendants to be valid, a new trial of the case as to them will be unnecessary. This renders necessary an examination of the validity of these claims. At the same time we will consider the other claims, omitting that of the Waggoner Brothers, with reference to which the former opinion will stand.

1. The material objections to the claim of Chandler are, in effect, that Mrs. Hutton is named in the claim as the person by whom he was employed, instead of the contractor, Waggoner, with whom the contract was in fact made; that an undetermined part of the materials furnished by the claimant were not used on the Hutton block, but on another building of the owner; that "the kind of materials furnished"—whether "iron, stone," etc.—is not stated; that the claim fails to "state the price at which either lumber or lime was sold," or that the articles were sold at an agreed price; and, finally, that there was a variance between the claim and the evidence, and between the claim and the finding. None of these objections are well taken; Mrs. Hutton was properly named as the person by whom the claimant was employed. It is expressly provided by the statute that, where the contract is

not filed, the labor and materials "shall be deemed to have been done and furnished at the personal instance of the owner" (Code Civ. Proc., sec. 1184); and there is no objection to the use of this form of statement. (*Kellogg v. Howes,* 81 Cal. 170.) With regard to the materials furnished the claim unequivocally states that all of them were used upon the building, and, from the stipulation read in evidence, this appears to have been the fact. It was unnecessary to state specifically the kind of materials furnished or the prices of the several items. (*Brennan v. Swasey,* 16 Cal. 141 [1]; *Selden v. Meeks,* 17 Cal. 129; *Davis v. Livingston,* 29 Cal. 287; *Jewell v. McKay,* 82 Cal. 150.) The claim is, in effect, a sufficient statement of a special contract to pay for the materials furnished, and would be sufficient as a complaint in *indebitalus assumpsit,* or debt. (1 Chitty on Pleading, 350, notes f, g, 351, 352.) Finally, there is no variance between the claim and the evidence or the finding. In the claim the statement is that the materials were to be paid for "in cash within sixty days from time of purchase of the item, and any item not paid for within that time was to bear interest at the rate of ten per cent per annum until paid." The agreed account read in evidence agrees accurately with this; and the finding is precisely to the same effect, except that it omits reference to the rate of interest. This, however, is in effect found in the finding that the claim—which is attached to the complaint, and the filing of which is not denied—"contained . . . . a true statement of [the] demand," etc.

The first of the above objections is made also to the claim of Holt, and what is said with reference to it will be understood as applying to his claim. The remaining objections to the claim are, in effect, that it does not truthfully state the terms of the contract, and that part of the labor was performed, not on the building, but on the adjacent sidewalk. With regard to the former point, the statement of the claim is that at the time of the work there was no agreement as to price, but it was agreed he was to be paid what his labor was reasonably worth; but afterward the sum of four dollars per day was agreed upon by Holt and Waggoner as a reasonable sum; and the state-

---

[1] 76 Am. Dec. 507.

ment is sustained by the written certificate of Waggoner, as foreman, read in evidence. With regard to the other objection, the cement sidewalk must, under the circumstances of the case, be regarded as part of the building.

The claims of Holt and Chandler must, therefore, be regarded as sufficient.

2. The principal objection urged to the other claims is, in effect, that they fail to state, or to state truthfully, "the terms, time given, and conditions of [the] contract."

To simplify the question, it may be observed generally that in some of the claims the time of payment is stated; in others not. In the latter class of cases the presumption of the law is that no time was given. (*Hills v. Ohlig,* 63 Cal. 104; *Jewell v. McKay, supra.*) Also it may be stated that in some of the claims it is said that the contract of employment was made with Mrs. Hutton; in others, that it was made with Waggoner, as contractor and agent. But this, as we have held, is to be regarded as immaterial. The question to be considered relates, therefore, to the sufficiency of the statement of the terms of the contract in other respects.

In this regard all that can be required is the statement of the fact that a contract was entered into and such a statement of its terms as to show the indebtedness claimed. These conditions are sufficiently complied with in all the claims. In each of them the making of the contract and the labor performed or materials furnished are stated. In one of them (that of Trower) the labor was to be performed "at the usual rates," which is but another way of saying, "for what it was reasonably worth" (*Reed v. Norton,* 90 Cal. 596, 597), and its value was accordingly stated. In all the other claims the agreed price is stated, either in the aggregate, or—in the case of labor —the per diem rate and the number of days. In this respect, therefore, the claims are sufficient. There are, however, some other objections to be considered.

The claim of Trower was for "the hauling of materials used in the construction of [the] building"; and it is objected, on the supposed authority of *Adams v. Burbank,* 103 Cal. 646, that he was not entitled to a lien for labor of this kind. The

case cited, however, has no application. There the claimant "was employed by the brick men to haul bricks for them, and he had no connection with the contractor, who owed him no liability. His position [was] not different from that of the laborers who made the brick." But the claimant here was directly employed by Waggoner, as the agent of Mrs. Hutton; and his labor was performed on the building in the same sense as that of the men who lifted the brick from the ground to the upper parts of the building. (*Malone v. Big Flat Gravel Min. Co.*, 76 Cal. 578.)

The claim of Harrison and that of Hubert each contains the statement "that Charlotte A. Hutton and Fred Hutton are the names of the owners and reputed owners of said premises"; and it is objected that the latter has no interest, and that the claims are therefore invalid. The statute requires the statement of "the name of the owner or reputed owner, if known." "If the names are not known the claim is sufficient, if it is silent on the subject." (*West Coast Lumber Co. v. Newkirk*, 80 Cal. 277.) The claimant "may not know the owner, and if he is ignorant of his name he is not required to state it." (*Corbett v. Chambers*, 109 Cal. 183.) Still less can the validity of the claim be affected by a mistake in attempting to carry out the requirements of the law.

Finally, it is objected to Frick's claim that it does not describe the property "with sufficient certainty for identification." The claim is "for labor and services in the erection and construction of that certain building . . . . now upon that certain lot situate, etc., and described as follows," etc. Then follows a description of the land on which the building was in fact erected; and then the further clause, "together with that certain triangular piece deeded to Charlotte Patton by the trustees of the town of Vacaville, situate on the easterly side of Dobbins street." Possibly the latter clause may be but another description of the land on which the building was erected—which is also "a triangular piece . . . . situate on the easterly side of Dobbins street"; otherwise the clause must be rejected as repugnant to the rest of the document, which unequivocally refers to one building built on one lot, and in fact to the building in question.

The objections to the claims of these defendants—so far as they refer to defects or supposed defects appearing on their face—must, therefore, be regarded as untenable.

With regard to the costs of appeal, they should be apportioned as follows: The costs should be allotted, one-half to the appeals of Mrs. Hutton; one-half to those of the building and loan association; but a single memorandum of costs to be filed by appellants. The former half of the costs should be paid by the respondent and the appellant Chandler in amounts proportionate to their respective claims; the latter by the respondents—excluding the appellant Chandler—in the same proportion; and it is so ordered. But as the transcript on appeal is unnecessarily voluminous by at least a third, only two-thirds of the expense of printing will be allowed in the costs.

Otherwise than as above indicated, we are satisfied with the former decision, which accordingly will be modified by adding thereto the words "except as to the issues raised by the cross-complaints of the defendants I. H. Holt and F. P. Chandler, as to whom the findings will be allowed to stand"; and as thus modified will stand as the decision of this court.

On January 11, 1901, the court modified its judgment as follows:

THE COURT.—In the judgment of the court in Bank in this case, it was directed that the costs should be allotted one-half to the appeals of Mrs. Hutton, and one-half to those of the Continental Building and Loan Association, the former to be paid by the respondents, including the appellant Chandler, in amounts proportionate to their respective claims, the latter by the respondents—excluding the appellant Chandler—in the same proportions. I. H. Holt should also have been excluded with Chandler. The judgment is therefore modified in this respect, and Mrs. Hutton will be allowed to recover the costs allotted to her, in the proportions stated, against the respondent cross-complainants named in her notice of appeal; and the Continental Building and Loan Association, the costs allotted to it against the respondent cross-complainants, named in its notices of appeal, with the exception of the cross-complainants Chandler and Holt, as to whom its appeal has in effect failed.

The following is the decision rendered in Department Two, May 19, 1900:

SMITH, C.—Appeals from two judgments for foreclosure of mortgages and building liens on lands of the defendant, Mrs. Hutton. In the junior mortgage the mortgaged land is a triangular tract in Vacaville, bounded by three streets, and known as block 17; in the older mortgage, a lot twenty-five by fifty feet, known as lot No. 1, and forming a part of the larger lot above described. This lot was purchased from the plaintiff McClain by the defendant Hutton August 15, 1897, and a mortgage given on it to secure the purchase money. This is one of the mortgages sued on; the other was executed by Mrs. Hutton to the plaintiff, the building and loan association, September 15, 1897.

In the McClain case the judgment was for the sale of the mortgaged premises, and the payment out of the proceeds, first of the mortgage, and then of various building liens in a specified order, and for the docketing of a personal judgment against Mrs. Hutton for any deficiency, either on account of the mortgage or liens. The building and loan association was a party to this suit, but does not answer, nor is it named in the judgment.

In the building and loan association case—to which Mrs. McClain was not a party—the judgment was for the sale of the mortgaged premises, and the payment out of the proceeds, first, of the same building liens (with three others), and afterward of the mortgage, and for a similar deficiency judgment against Mrs. Hutton.

The cases were tried together, and, by stipulation, separate judgments were rendered. This has resulted in a confused and voluminous record and in several errors. The various cross-complaints of the lien claimants are the same in both cases, except that there are three in the case of the building and loan association that do not appear in the McClain case; and there are thus two judgments against Mrs. McClain for each lien. The judgment-rolls in the two cases—each constituting about a third of the record—are almost identical, differing only with regard to the mortgage liens; and to the same extent the same

questions are presented by the two records, and in a similar form. It will be sufficient, therefore, with regard to the questions relating to the liens, to confine our attention to one of the records; and, to this end, one of the cases may be conveniently disposed of before entering upon those questions.

In the McClain case the judgment provides for the sale, in satisfaction of the building liens, of the mortgaged premises, constituting only a part of the lands covered by the liens. This was error. (*Willamette Steam Mills Co. v. Kremer,* 94 Cal. 206.) And as all the questions relating to the liens are involved in the other suit, the judgment should be modified as hereinafter indicated so as to confine it to the foreclosure of the mortgage, and to securing any surplus that may result from the sale for the benefit of the other lienholders.

The several questions involved in the appeal from the judgment in the case of the building and loan society relate: 1. To the validity of the several liens; 2. To the validity of the personal judgment against Mrs. Hutton; and 3. To the relative priority of the building liens, and the lien of the mortgage.

The preliminary point is also made that, for want of proper specifications, the evidence cannot be reviewed. But, according to the view we take of the case, it will be unnecessary to look beyond the judgment-roll, and the objection, therefore, need not be considered. The other questions will be considered in the order stated.

1. As we are of opinion that the case should be reversed on other grounds, we will not examine the sufficiency of the evidence to sustain the findings as to the several building liens, but will confine our attention to the objections made to their introduction in evidence, which were overruled and exceptions taken.

The claim of Waggoner Brothers is objected to on the grounds "that the claimants are not entitled to any lien under the statute; that the notice fails to truthfully state the terms of the contract; . . . . that the evidence shows that a portion of the goods were used in and upon property not involved in the suit; and that these cannot be segregated from the general aggregate." These objections appear to be well taken. With regard to the fourth, it appears from Waggoner's

own testimony that an unspecified and undeterminable portion of the materials were furnished to Mrs. Hutton for property other than the property in question and used thereon. With regard to the second objection, there is a variance as to the terms of the contract between the evidence, the notice of lien, and the finding. Waggoner himself testifies that there was no specific agreement as to the time of payment; the notice says it was agreed that a specified portion of the materials were to be paid for in sixty days; the finding that all of them were to be paid for in that time. With regard to the first point, it appears that the firm of Waggoner Brothers consisted of George E. Waggoner (the contractor) and his brother. But by the provisions of the statute the contract is void and the contractor is not entitled to a lien; nor can he indirectly assert a claim of lien as a member of the firm of Waggoner Brothers. Indeed, it appears fairly from the evidence that the materials were furnished by him as contractor. His claim must, therefore, be disallowed—at least as it appears in the present record.

The objections to the other claims (omitting those that relate to the sufficiency of the evidence to support the findings) are to the effect, in each case, that the notice of lien fails to state truthfully the name of the person to whom the materials were furnished or by whom the claimant was employed, or the terms, time given, or conditions of the contract. But as we are of the opinion that the case should be retried, and in connection with the evidence there are other points to be considered, we do not deem it advisable to pass upon these objections.

2. The ground of the personal judgment against Mrs. Hutton is the finding that Waggoner was her agent "in and for the construction of the building," and, as such, authorized for her to employ all the necessary labor, and to purchase materials and agree upon terms, etc., and that as such agent he employed labor and purchased materials, agreeing upon the price and other terms, etc. It is not expressly said that all the labor was employed and materials purchased by Waggoner as agent; but in this and other parts of the findings this is plainly implied, and, upon referring to the evidence set out in the bill of exceptions, becomes clearly apparent. Unless the findings are

thus construed they will fail to find on this material point, and will thus be too indefinite to sustain the judgment.

There are also findings with reference to each and all of the liens that the labor was performed or materials furnished "at the special instance and request" of Mrs. Hutton, and that she "then and there undertook and agreed to pay [for] the same." In some cases it appears, either in the findings or pleadings, that the employment was through Waggoner as agent; but in general it is not said whether the party was employed by her personally, or by Waggoner as her agent. But from the fact that it is explicitly found in each case that Waggoner was her agent for all purposes relating to the building, it is to be inferred that the latter was intended; and this is rendered certain by reference to the evidence in the bill of exceptions.

Nor does it appear from any of these findings whether Waggoner acted as a conventional, or merely as a statutory, agent; and the findings will be equally true whichever of these two constructions be placed upon them. But in five of the cross-complaints—namely, those of Chandler, of Vacaville Light and Water Company, of Holt, of Waggoner Brothers, and of Corlett Brothers—it is expressly alleged that the building was constructed under contract of Waggoner, which was void for want of filing with the recorder; and that the work was done or materials furnished under contract with Waggoner as contractor. With reference to these claims, therefore, we must construe the finding—which is the same in all the cases—as meaning simply that the contract for labor or materials was made by Mrs. Hutton through Waggoner, acting as her statutory agent; for otherwise it would conflict with these allegations of the pleadings and notices of lien. So the construction of the language of the court in these cases must, unless the contrary appears, be extended to the same language as used with reference to the other claims. "It is a familiar principle of construction that a word [or words] repeatedly used in a statute will be presumed to bear the same meaning throughout the statute, unless there is something to show that there is another meaning intended." (*Pitte v. Shipley*, 46 Cal. 160; Endlich on Interpretation of Statutes, secs. 41, 53; Bishop on Written Laws, sec. 95a.) And the same rule will apply to other writings. "Nor should an interpreta-

tion be admitted, if avoidable, which will render one clause repugnant to another, but all should stand." (Id. 882.) The finding must, therefore, be thus construed, or be regarded as indefinite in failing to find upon this material point, and hence as insufficient to support the personal judgment against Mrs. Hutton. For a contract made for her by a statutory agent could not render her personally liable. (Code Civ. Proc., sec. 1183; *Madera etc. Co. v. Kendall*, 120 Cal. 182;[2] *McMenomy v. White*, 115 Cal. 339; *Kellogg v. Howes*, 81 Cal. 170; *Southern California Lumber Co. v. Schmitt*, 74 Cal. 625.)

3. With regard to the priority allowed to the building liens over the mortgage of the building and loan association, it will be observed that the date of the record of the mortgage was September 15, 1897, and that the building was commenced on the twenty-first day of May 1897; from which it was concluded that the mortgage lien of the building and loan association was subsequent and subordinate to the building liens, without regard to the time when the work was done, or the materials commenced to be furnished. (Code Civ. Proc., sec. 1186.) But this, we think, results from a misconstruction of the statute. The provision is that building liens are preferred to liens "which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished," etc. Under this provision the cases must be divided into two categories, distinguished by the existence, or nonexistence, of a valid contract. In the former case the priority of the liens is to be determined by the date of the commencement of the building; in the latter by the time the work was done, or the materials commenced to be furnished. (*Davies etc. Lumber Co. v. Gottschalk*, 81 Cal. 642; *Avery v. Clark*, 87 Cal. 619;[3] *Pacific Mut. Life Ins. Co. v. Fisher*, 106 Cal. 236.)

Examined by this test, neither the allegations of the cross-complaints nor the findings (which follow them) are sufficient to sustain the conclusion of the court that the mortgage of the building and loan association is subsequent and subject to the building liens. In many, if not in most, of the cases, it appears affirmatively that the furnishing of the materials commenced

---

[2] 65 Am. St. Rep. 177.        [3] 22 Am. St. Rep. 272.

after the record of the mortgage; in the others it is alleged that the work of furnishing of materials commenced "on or about" some specified date, or "between" specified dates—the last post-dating the mortgage. In none of them does it appear any work was done or materials furnished prior to the record of the mortgage.

We therefore advise that the judgment in the case of *Mary E. McClain v. Charlotte A. Hutton et al.* be modified by striking therefrom all the provisions as to the liens set up by the cross-complainants, and inserting in lieu thereof simply a provision requiring any surplus on the sale of the mortgaged premises over what may be necessary to satisfy the judgment in favor of Mrs. McClain to be paid in court to abide the result in the case of *Continental Building and Loan Association v. Charlotte A. Hutton et al.;* and that the judgment in the latter case be reversed and the cause remanded for a new trial.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment in the case of *Mary E. McClain v. Charlotte A. Hutton et al.* is modified by striking therefrom all the provisions as to the liens set up by the cross-complainants, and inserting in lieu thereof simply a provision requiring any surplus on the sale of the mortgaged premises over what may be necessary to satisfy the judgment in favor of Mrs. McClain to be paid in court to abide the result in the case of *Continental Building and Loan Association v. Charlotte A. Hutton et al.;* and that the judgment in the latter case be reversed and the cause remanded for a new trial.          McFarland, J., Temple, J., Henshaw, J.