### BOISE–PAYETTE LUMBER CO. v. HALLORAN–JUDGE TRUST CO.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922.)

No. 3802.

1. **Mortgages ⬅151(3)—Mechanic's lien held not to date back, as to priority, of mortgage.**

Under Comp. St. Idaho, § 7345, providing that a mechanic's lien shall have preference over any lien, mortgage, or other incumbrance attaching subsequent to the time when the building or structure was commenced, work done, or materials furnished, or of which the lienholder had no notice, and which was unrecorded at the time the building or structure was commenced, work done, or materials commenced to be furnished, as construed by the Supreme Court of the state, the lien of a subcontractor attaches, as against a mortgage, when he commences to work or to furnish materials; and does not date back to the time of the making of the contract by the principal contractor.

2. **Courts ⬅366(1)—Federal courts follow construction of state statutes by state courts.**

Where a state statute has been definitely construed by the highest court of the state, such construction is binding on the federal courts.

Appeal from the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Halloran-Judge Trust Company against the Boise-Payette Lumber Company and others. From the decree, the Lumber Company appeals. Affirmed.

J. H. Peterson and T. C. Coffin, both of Pocatello, Idaho, for appellant.

Edwin Snow, of Boise, Idaho, for appellee.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is a suit by the Halloran-Judge Trust Company to foreclose a mortgage or deed of trust upon an irrigation system in the state of Idaho. The Boise-Payette Lumber Company is a defendant, and by cross-complaint seeks to foreclose a lien for material furnished by it to one Wilkie, who had a contract made on the 30th of December, 1919, by which he was to perform the labor and furnish the material necessary in the completion of the irrigation system. The trust deed or mortgage of the plaintiff was executed on December 31, 1919, and recorded on the 26th of January, 1920. Thereafter, and about April 1, 1920, the Boise-Payette Lumber Company furnished Wilkie lumber and material to be used, and which was used, in the completion of the irrigation system, and subsequently perfected a valid lien therefor.

[1] The only question for decision is whether the lien of the Boise-Payette Lumber Company relates back to and attaches at the date of the contract with Wilkie, and is therefore prior in right to the lien of plaintiff's mortgage, or whether it attaches from the time the company commenced to furnish the material, and is therefore subject to the mortgage lien. Its solution depends upon the interpretation of the Mechanic's Lien Law of the state of Idaho, which, so far as material here, provides:

"The liens provided for in this chapter are preferred to any lien, mortgage or other incumbrance, which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials * * * furnished; also to any lien, mortgage, or other incumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement or structure was commenced, work done, or materials were commenced to be furnished." Section 7345, Idaho Compiled Statutes.

This statute has been construed by the Supreme Court of the state in Pacific Savings, Loan & Building Co. v. Dubois, 11 Idaho, 319, 83 Pac. 513. This was a contest between a mortgagee and a mechanic's lien claimant, and, as stated by the court, the question before it for decision was:

"Whether or not the claim of liens of persons performing labor upon or furnishing materials for the construction of the building on the premises referred to in the complaint relates in each case back to the time of the commencement of said building, or whether the lien attaches in favor of such parties from the date on which the labor was commenced to be performed, or the material was commenced to be furnished."

And in disposing of it the court, after referring to the several provisions of the statute, said:

"It seems clear to me that, when mortgages and other liens are involved in the foreclosure of mechanics' and materialmen's liens, the time or date when the building was commenced, or the laborer began to work, or the materialman commenced to furnish the material, must be taken into consideration in determining the priority of such liens over such mortgage lien. All liens for labor commenced and materials commenced to be furnished prior to recording said mortgages are prior and superior liens to said mortgages, and the

liens of all laborers for labor commenced, and materialmen for material commenced to be furnished, subsequent to the recording of said mortgages, are subordinate to said mortgages, when such work is done and material furnished by persons not theretofore connected with the construction of the building."

[2] This being the construction of the highest court of the state, it is controlling here. Cross v. Allen, 141 U. S. 528, 12 Sup. Ct. 67, 35 L. Ed. 843; Hartford Fire Ins. Co. v. C., M. & St. P. Ry. Co., 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84. Defendant has referred to several authorities, including that of McClain v. Hutton, 131 Cal. 132, 61 Pac. 273, 63 Pac. 182, 622, and Bloom on Mechanics' Liens, §§ 488 and 489; but, in view of the decision of the Supreme Court of the state of Idaho, it is needless to comment on decisions from other states.

The decree is therefore affirmed.