[L. A. No. 10341. In Bank.—June 16, 1930.]

CLIFFORD H. POWERS, Respondent, v. SOULE–MARTIN LUMBER COMPANY (a Corporation) et al., Appellants.

F. A. Waters for Appellant.

Henry O. Wackerbarth, Henry E. Carter and Joseph A. Adair for Respondent.

CURTIS, J.—On August 27, 1925, J. Edward Kirker was the owner of the two parcels of land involved in this action. On that day he agreed to sell them to Carl D. Hall. This

agreement was consummated by Kirker conveying said parcels of land to Hall. In consideration of this conveyance, Hall executed and delivered to Kirker two promissory notes for $3,750 each. These notes were dated August 27, 1925, and one of said notes was secured by a trust deed upon one of said parcels of land and the other was secured by a trust deed against the other of said parcels. Said trust deeds were executed by Hall and one was recorded on September 10 and the other on September 11, 1925, in the office of the county recorder of the county in which said parcels of land were situated. On September 10, 1925, there was also recorded in the office of said county recorder a mortgage upon said parcels of land. This mortgage was executed by Hall in favor of a building and loan association to secure a promissory note in favor of said association and executed by Hall. It was agreed by all of said parties, including Kirker, that said mortgage should be prior and superior to the two trust deeds executed to secure the indebtedness from Hall to Kirker. Hall was in the contracting and construction business under the name of Hall Construction Company, and his purpose in acquiring said parcels of land was to construct a building thereon from the funds secured from said building and loan association by means of said mortgage. To all of this Kirker agreed. The building was constructed and the money secured on said mortgage was applied in payment of the labor and materials used in the construction of said building. The money, however, was not sufficient to pay all persons furnishing such labor and materials, including the appellant, the Soule-Martin Lumber Company. This company, having furnished lumber and other building materials used in the construction of said building for which it had not been paid, filed a lien for such materials against said building in the office of said county recorder. It is conceded that this claim of lien in form and substance is in all respects valid and legal. In the meantime, however, Hall failed to pay his indebtedness to Kirker as it became due. The latter for this failure on the part of Hall foreclosed his two trust deeds, and at the foreclosure sales purchased said two parcels of land. Kirker thereafter conveyed said lands to the plaintiff, who instituted this action to quiet his title to the same and has

made, among others, the Soule-Martin Lumber Company, the appellant, a party thereto. The plaintiff claimed to be the owner in fee of said parcels of land and that the defendants had no estate, right, title or interest therein. The appellant, the Soule-Martin Lumber Company, appeared and by its answer set up its said claim of lien and asserted that its lien for the materials used in the construction of said building was superior and prior to whatever right or title the plaintiff had in said land. The trial court found in favor of the plaintiff and entered a judgment quieting his title to said parcels of land as against the claims of all the defendants. The Soule-Martin Lumber Company alone appeals.

The appellant bases its contention that its lien for materials used in the construction of said building is prior and superior to the title of plaintiff acquired from Kirker, after the foreclosure of said trust deeds by Kirker, upon the following additional facts: On September 9, 1925, which was one day before either of said trust deeds was recorded, the said Carl D. Hall, the purchaser of said parcels of land from Kirker, entered into a contract with O. C. Pocklington by the terms of which the latter was "to put in the foundations (for the building constructed upon said land) and tear down old fence" on said real property, and that said Pocklington on said ninth day of September, 1925, pursuant to said contract, tore down the fence situated on said premises consisting of four posts on which were strung several strands of barbed wire. Pocklington did no further work on said premises until September 16, 1925, when he commenced to lay the foundations for said building. On September 11, 1925, the date on which the last of said trust deeds was recorded, Hall entered into two contracts with the Soule-Martin Lumber Company to furnish the lumber and plumbing materials for said building. Pursuant to these contracts, the lumber company made its first delivery of lumber on said premises on September 14, 1925. These two contracts, as well as the one with Pocklington, were entered into by Hall under the name of the Hall Construction Company, a designation under which Hall was doing business, he having duly filed for record a certificate showing that he was the sole proprietor and operator of such business under such name.

■ Appellant takes the position that, under the state of facts just related, the building for the construction of which it furnished lumber and plumbing materials was commenced on the ninth day of September, 1925, the date Pocklington tore down the fence on said premises, which date was one day before either of the trust deeds, under which the plaintiff deraigns title, was filed for record in the office of the county recorder. Appellant, therefore, contends that under the terms of section 1186 of the Code of Civil Procedure its claim of lien for said materials is preferred and superior to the liens of Kirker under said trust deeds. This section of the code provides that a lien under the Mechanic's Lien Law of this state is "preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building . . . was commenced, work done, or materials were commenced to be furnished." Appellant does not contend that it furnished any materials for the building before the Kirker trust deeds were recorded, but that the building having been commenced prior to the recordation of said trust deeds, a lien for any materials furnished thereafter for the construction of said building would relate back to the commencement of said building and would take priority over any liens which might subsequently attach to said premises. Were this the first occasion on which this question was before us, we might give to appellant's contention more extended consideration than we deem it necessary to give at the present time. The building in question was not constructed under a general contract for its erection, but was built by the owner Hall, who purchased the materials and employed the labor used in its construction. Every person furnishing material for the building did so under a separate and distinct contract made with Hall, the owner. His lien, therefore, dated from the time he commenced to deliver the materials used in the building and not from the commencement of the building. On the other hand, had the building materials been furnished and the building constructed under a general contract, then materialmen furnishing material to the contractor, and laborers performing labor, would have liens under the contract and these liens would relate back to the time the building was commenced by the general contractor. This was expressly decided in the case of *McClain*

v. *Hutton,* 131 Cal. 132 [61 Pac. 273, 276, 63 Pac. 182, 622]. In that action while the parties had entered into a purported contract for the construction of the building there involved, the contract was declared void by the court, which further held that the labor and materials which went into its construction were deemed to have been done and furnished at the instance of the owner. A controversy arose as to the priority of their respective rights between a mortgagee, whose mortgage had been recorded after the commencement of the building, and certain mechanic's lienholders. The court, after referring to section 1186 of the Code of Civil Procedure, made the following announcement as to the construction to be given to its meaning: "The provision is that building liens are preferred to liens 'which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished,' etc. Under this provision the cases must be divided into two categories, distinguished by the existence, or nonexistence, of a valid contract. In the former case the priority of the liens is to be determined by the date of the commencement of the building; in the latter by the time the work was done, or the materials commenced to be furnished." (Citing authorities.) The lien of appellant herein undoubtedly falls within the second of these categories above mentioned—the nonexistence of a contract under which the building was being constructed. Its priority must, therefore, be determined by the date the materials were commenced to be delivered. This date, as we have seen, was subsequent to the recordation of each of the two Kirker trust deeds. Under this state of facts the trust deeds were prior and superior to the lien of appellant.

There is no merit in the argument of appellant that Carl D. Hall and the Hall Construction Company are two separate and distinct entities, and that the building was constructed under a contract entered into by Carl D. Hall with the Hall Construction Company. The Hall Construction Company was simply a name or designation under which Carl D. Hall carried on his business as a contractor and builder, and it did not represent a different entity or person from Carl D. Hall. The two designations, one the real name of Carl D. Hall and the other an assumed name

under which Hall carried on his business, represented one and the same person. There was, therefore, no contract for the construction of the building as a person cannot make a contract with himself.

These views render it unnecessary for us to pass upon the question as to whether the work done by Pocklington under his contract with Hall in removing the old fence on the rear of said land, which work was done prior to the recordation of the two Kirker trust deeds, constituted a commencement of the building. Conceding that this work of Pocklington in removing said fence constituted in a legal sense a commencement of the building, appellant furnished no materials under the Pocklington contract, but under a separate and distinct contract, or rather under two such contracts, made by it with Hall, and no materials were commenced to be furnished by appellant under its contracts until after the two Kirker trust deeds had been recorded.

In our opinion the trial court correctly held that appellant had no right or interest in said two parcels of land.

The judgment is affirmed.

Preston, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.