[Civ. No. 7987. First Appellate District, Division Two.—November 10, 1931.]

CONSOLIDATED LUMBER COMPANY (a Corporation), Plaintiff, v. AUGUSTUS L. BASTIEN et al., Defendants; THOMAS HAVERTY COMPANY (a Corporation) et al., Plaintiffs and Appellants; AUGUSTUS L. BASTIEN et al., Respondents, and Consolidated Cases.

Richard J. O. Culver, Culver & Nourse and Kennicott & Williams for Appellants.

Bert Campbell and J. M. McCroskey for Respondents.

NOURSE, P. J.—The controversy presented on this appeal arises out of the trial of the consolidated actions brought to foreclose several mechanics' liens for labor and materials furnished in the construction of a dwelling-house and garage on the property of defendant Bastien. The appeal is taken on the judgment-roll by Thomas Haverty Company, Pacific Plaster Company and Blue Diamond Company, three of the lien claimants.

The facts may be stated briefly. There was no general contract. On April 17, 1926, a trust deed covering the property was filed for record. On the day previous Consolidated Lumber Company commenced the delivery of materials on the premises. Following April 17th the other lien claimants delivered the materials or performed the labor upon which their claims of lien were based. The trial court found that the claim of the Consolidated Lumber Company was prior to the lien of the trust deed and prior to the liens of all other claimants. It also found that these other liens were subsequent and subordinate to the lien of the trust deed.

The appeal rests entirely upon this finding of priority and involves an interpretation of section 1186 of the Code of Civil Procedure, which provides, in part, as follows: ''The liens provided for° in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished. . . . '' Appellants contend that a proper construction of this section requires a finding that their liens date back to the time when the building was commenced and that, as so construed, their liens should be held prior and superior to the lien of the trust deed and should be given equal force with the lien of the Consolidated Lumber Company. The point is not a new one. In *McClain* v. *Hulton*, 131 Cal. 132, 144 [61 Pac. 273, 63 Pac. 182, 622], the Supreme Court held that, where the general contract was invalid, the individual claims of liens attached as of the time when the work was done or the materials were commenced to be furnished under each claim and did not relate back to the time when work was commenced on the building. In *Simons Brick Co.* v. *Hetzel*, 72 Cal. App. 1, 6, 7 [236 Pac. 357, 359], the appellate court approved the holding in the McClain case, saying that the code section divided liens into two classes: ''those arising under a valid contract between the owner and the contractor, and those where the labor done and materials furnished were deemed to have been done and furnished at the personal instance of the owner''. As to the latter class of claimants the court said: ''In such a case, each laborer and materialman would depend for his lien upon his individual agreement with the owner, and his right to a lien would

only commence when he began labor upon, or commenced to furnish material for, the building." To the same effect is *Powers* v. *Soule-Martin Lumber Co.*, 209 Cal. 557, 560 [289 Pac. 809]. None of the courts of this state has taken a contrary view.

The precise question presented here was before the Appellate Court of the Third District in *American Bldg. Material Service Co.* v. *Wallin*, 116 Cal. App. 527 [2 Pac. (2d) 1007], and in *K. & K. Brick Co.* v. *Brooke et al.*, (Civ. No. 4311) *ante*, p. 192 [5 Pac. (2d) 49.] In those cases the court reaffirmed the rule of the cases cited, placing the decisions on the ground that the matter is *"stare decisis"* as to all cases arising prior to the amendment of section 1186 in 1931 (Stats. 1931, p. 1699).

Upon the authorities cited the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 10, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1932.