[Civ. No. 8055. First Appellate District, Division Two.—November 21, 1931.]

F. K. REMINGTON, Respondent, v. WALTER E. MUL-HOLLAND et al., Defendants; STANDARD MORT-GAGE CORPORATION (a Corporation) et al., Appellants.

Joe Crider, Jr., John M. Martin and Frank L. Martin, Jr., for Appellants.

Richard J. O. Culver for Respondent.

SPENCE, J.—This is an appeal by certain defendants from a portion of the same judgment which we had under consideration in *E. K. Wood Lumber Co.* v. *Mulholland,* (No. 8071) *ante,* p. 475 [5 Pac. (2d) 669], the opinion in which has been this day filed. The appealing defendants, as holders of the deeds of trust and as purchasers at the foreclosure sale under the second deed of trust, appeal from that portion of the judgment in which it was decreed that plaintiff Remington was entitled to enforce a mechanic's lien in the sum of $1800 and that said lien was "prior and superior to the claims and demands of the other parties to the action".

We will not repeat the facts set forth in the opinion above mentioned nor do we deem it necessary to discuss all of the grounds here urged for a reversal of the portion of the judgment appealed from. Appellants contend that the uncontradicted testimony of respondent Remington showed that there had been a cessation of labor for more than thirty days, to wit, from about June 1, 1926, until some time in September, 1926, and as respondent's lien was not filed until February 8, 1927, it did not date back further than the time when work was resumed in September, 1926, which was several months after the deeds of trust had been recorded. In other words, while the building was not actually completed until late in December, 1926, appellants contend that under section 1187 of the Code of Civil Procedure, the cessation of labor for a period of thirty days starting on or about June 1, 1926, constituted a "completion" within the meaning of that section and that liens not filed within the time prescribed after such cessation of labor could not in any event have priority over the deeds of trust recorded on March 18, 1926. In our opinion this contention must be sustained.

The uncontradicted testimony of respondent was as follows: "The building was stopped at one time, construction on it was stopped at one time, and the building bills were settled before it was started up again." Q. "How long was the building stopped?" A. "Oh, probably two months or more; I don't remember just exactly without I could look at my time book." Q. "Can you give the approximate date that the work was stopped?" A. "Yes, something

along in June, along about the first of June, I think, until about September sometime.''

Section 1187 of the Code of Civil Procedure provides in part: '' . . . In all cases, any of the following shall be deemed equivalent to a completion for all the purposes of this chapter; . . . cessation from labor for thirty days upon any contract or upon any building, improvement or structure. . . . '' Under said section it has been held that such cessation of labor for thirty days is to be treated in the same manner as an actual completion for the purpose of computing the time within which liens must be filed. (*Sunset Lumber Co.* v. *Bachelder*, 167 Cal. 512 [Ann. Cas. 1916B, 664, 140 Pac. 35]; *Kerckhoff-Cuzner Mill & Lumber Co.* v. *Olmstead*, 85 Cal. 80 [24 Pac. 648].)

Respondent's only answer to the foregoing contention is that the point is raised for the first time on this appeal. This does not appear to be the case. The burden was upon respondent to plead and prove facts sufficient to show that his lien was filed within the time allowed by law. In this connection he alleged in his complaint, among other things, that he commenced work on March 6, 1926, and ''continued with the performance thereof until about the 21st day of December, 1926, upon which date plaintiff completed all of his said work''. These allegations were denied by the answer and it was therefore necessary for respondent to prove them. This he failed to do, but, on the contrary, gave uncontradicted evidence showing that the work had not been continuous but had been interrupted by a cessation of all work for a period of three months. Appellants objected to respondent's proposed findings relating to the above allegations and submitted amendments to the proposed findings covering the cessation of work as shown by the evidence. The point was therefore definitely raised in the trial court. The trial court, however, adopted respondent's proposed findings based upon the foregoing allegations of respondent's complaint. The appellants' contention that the evidence is insufficient to sustain these findings must be sustained.

From what has been said it follows that the trial court erred in finding and concluding that respondent was entitled to enforce a lien which was prior and superior to the

claims of appellants. The portion of the judgment herein appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1931, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1932.