[Civ. No. 8071.   First Appellate District, Division Two.—November 21, 1931.]

E. K. WOOD LUMBER COMPANY (a Corporation) et al., Appellants, v. WALTER E. MULHOLLAND et al., Defendants; STANDARD MORTGAGE CORPORATION (a Corporation) et al., Respondents.

Richard J. O. Culver, Black, Hammack & Black, G. C. De Garmo and H. B. Cornell for Appellants.

Joe Crider, Jr., John M. Martin and Frank L. Martin, Jr., for Respondents.

SPENCE, J.—Several actions were brought to foreclose mechanics' liens for labor and material furnished in the construction of a three-story brick apartment house on property belonging to the defendant Mulholland. These actions were consolidated for the purpose of trial. The judgment of the trial court was to the effect that said lien claimants were entitled to personal judgments, but that none of said claimants with the exception of plaintiff Remington was entitled to enforce any lien against the property. Plaintiffs other than plaintiff Remington here appeal from that portion of the judgment denying their right to enforce mechanics' liens against the premises and plaintiff Remington here appeals from that portion of the judgment denying his right to enforce a mechanic's lien for a larger amount. We also have before us in another proceeding *Remington* v. *Mulholland,* (No. 8055) *post,* p. 479 [5 Pac. (2d) 667], an appeal by defendants from that portion of the same judgment by which it was decreed that plaintiff Remington was entitled to enforce a mechanic's lien upon the premises in the sum of $1800 with priority over defendants claiming under certain deeds of trust. Both this appeal and the appeal of defendants above mentioned involved the question of priority as between the lien claimants and those claiming under the deeds of trust upon the premises, the second of which deeds of trust had been foreclosed and one of said defendants had become the purchaser at the foreclosure sale.

The deeds of trust were recorded on March 18, 1926, the first being in the sum of $40,000 and the second being in the sum of $13,500. There was no general contract let by the owner for the construction of the building, but on March 12, 1926, defendant Mulholland signed a written agreement to pay to plaintiff Remington the sum of $5,300 for "all carpenter labor and general supervision on the construction of a three story brick apartment house"

to be erected on the premises. The only work done before the recording of the deeds of trust consisted of the pulling of certain stumps by C. D. Wheeler & Co., which work was started on March 6, 1926, and was completed prior to the execution of Mulholland's agreement with Remington on March 12, 1926. At the request of Mulholland, Remington had entered into an agreement with C. D. Wheeler & Co. for the preliminary work of pulling the stumps. Apparently that company was paid for its work and no claim therefor is here involved. As to the plaintiff Remington, we are of the opinion that he was not entitled to priority over the defendants in any amount for the reasons stated in the opinion in *Remington* v. *Mulholland,* (No. 8055) *supra,* and the discussion here will be confined to the other lien claimants, all of whose claims were based upon the fact that they had furnished labor and materials after the deeds of trust had been recorded.

██ Section 1186 of the Code of Civil Procedure provides in part as follows: "The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; . . . " It is appellants' contention that under a proper construction of that section their liens should relate back to the time when the improvement was commenced by the pulling of the stumps by C. D. Wheeler & Co. and as so construed their liens should have priority over the deeds of trust and those claiming under said deeds of trust. In our opinion this contention is without merit. It is immaterial whether the time when the stumps were pulled was the "time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished" within the meaning of that section. Assuming, without deciding, that it was, it is now well settled that where there is no general contract covering the work to be done, liens for labor and materials furnished attach only when the lien claimant commences to furnish such labor and materials and a deed of trust or mortgage, recorded *after* the work is commenced, but prior to the time when the lien claimant commences to furnish the labor or materials upon which his lien is based, takes priority over such lien.

(*Powers* v. *Soule-Martin Lumber Co.*, 209 Cal. 557 [289 Pac. 809]; *McClain* v. *Hutton*, 131 Cal. 132 [61 Pac. 273, 63 Pac. 182, 622]; *American Building Material Co.* v. *Wallin*, 116 Cal. App. 527 [2 Pac. (2d) 1007]; *K. & K. Brick Co.* v. *Brooke, ante*, p. 192 [5 Pac. (2d) 49]; *Consolidated Lumber Co.* v. *Bastien, ante*, p. 267 [5 Pac. (2d) 80].)

Appellants further contend that the trial court erred in granting priority to the deeds of trust as the advances made thereunder were optional, citing *W. P. Fuller & Co.* v. *McClure*, 48 Cal. App. 185 [191 Pac. 1027]. The authority cited is not in point. The loan of $40,000 was agreed upon under a typical building loan agreement providing that "said sum of $40,000 shall be advanced in such sum or sums as your appraiser or representative shall recommend as the work progresses and not otherwise". The only option given was in the time and amount of each advancement during the progress of the work. In the case cited it was definitely agreed that the mortgagee was in no way bound to make any advances other than the initial advance of $1600 and the further advances were "mere voluntary advances".

For the reasons stated, as well as those set forth in the opinion in *Remington* v. *Mulholland*, (No. 8055) *post*, p. 479 [5 Pac. (2d) 667], which will be filed herewith, we are of the opinion that neither Remington nor any of the other lien claimants were entitled to priority over those claiming under the deeds of trust. It, therefore, follows that the portions of the judgment appealed from herein should be affirmed and it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1932.