[Civ. No. 8394. First Appellate District, Division Two.—May 4, 1932.]

KEELING COLLECTION AGENCY (a Corporation), Respondent, v. WILLIAM L. PENZINER et al., Defendants; WEST AMERICAN FINANCE COMPANY (a Corporation) et al., Appellants.

Courtney L. Moore, John A. Sinclair and A. Don Duncan for Appellants.

Louis E. Goodman and Louis H. Brownstone for Respondent.

SPENCE, J.—Plaintiff, as assignee of certain lien claimants, brought this action to foreclose four mechanics' liens. The trial court entered its judgment decreeing foreclosure of the liens and further decreeing that said liens were "prior to the deed of trust of defendant West American Finance Company". The defendant West American Finance Company, the beneficiary, and defendants C. A. Gibson and R. T. Harper, the trustees under said deed of trust, appeal from the judgment.

The sole question on this appeal is that of priority as between the liens and the deed of trust. The deed of trust was recorded on September 1, 1927. The parties stipulated that it was executed on August 16, 1927, and was delivered between August 16 and August 19, 1927.

Appellants' first contention is that three of the liens, to wit, those of J. M. Piconi, Gunn, Carle & Co. and the Atlas Heating and Ventilating Company, were subsequent and subordinate to the deed of trust as they are based upon separate and independent contracts made with the owner subsequent to the date of the recording of the deed of trust. In our opinion this contention must be sustained. There was admittedly no general contract for the construction of the building and each of the lien claimants dealt directly with William L. Penziner, the owner of the property. It is conceded that the contracts of these three claimants were all made subsequent to September 1, 1927, and that said lien claimants thereafter performed the work and furnished the materials under said contracts. The deed of trust therefore had priority over the liens of the three claimants above mentioned. (*Powers* v. *Soule-Martin Lumber Co.,* 209 Cal. 557 [289 Pac. 809]; *McClain* v. *Hutton,* 131 Cal. 132 [61 Pac. 273, 63 Pac. 182, 622]; *E. K. Wood Lumber Co.* v. *Mulholland,* 118 Cal. App. 475 [5 Pac. (2d) 669]; *Consolidated Lumber Co.* v. *Bastien,* 118 Cal. App. 267 [5 Pac. (2d) 80]; *K. & K. Brick Co.* v. *Brooke,* 118 Cal. App.

192 [5 Pac. (2d) 49]; *American Building Material Service Co.* v. *Wallin,* 116 Cal. App. 527 [2 Pac. (2d) 1007].)

With respect to the remaining lien, the contract with the owner was executed August 24, 1927. The lien claimants were De Luca & Son, a partnership consisting of R. De Luca and his son John De Luca. No actual work was done by De Luca & Son on the premises until after the recording of the deed of trust on September 1, 1927, but on August 26, 1927, they piled some used form lumber on the sidewalk in front of the adjoining property. Respondent strenuously insists that August 26th was the time when the improvement was commenced within the meaning of section 1186 of the Code of Civil Procedure and that the lien of De Luca & Son attached at that time. We are not called upon to decide this question, for in our opinion, even assuming that the improvement was commenced on said date, said lien does not have priority over the then unrecorded deed of trust because said lien claimants had notice thereof. Under said section 1186 it is only where the lien claimant has no notice of an unrecorded deed of trust or mortgage that the lien has priority. (*Root, Neilson & Co.* v. *Bryant,* 57 Cal. 48.)

In the present case a representative of the finance company went to see Mr. R. De Luca during the month of August, 1927, and informed him that appellant West American Finance Company was contemplating financing the building on the premises involved. The owner, Mr. Penziner, had given Mr. De Luca's name to the finance company as a reference in connection with his application for a loan of $150,000. Mr. De Luca informed the representative that Mr. Penziner had always paid him and further said that: "He (De Luca) thought he would get the contract, that he was the lowest bidder." On August 24th, when the contract was executed, both Mr. R. De Luca and Mr. John De Luca were present as well as Mr. Penziner, and the building loan was freely discussed. According to the testimony of Mr. John De Luca, Mr. Penziner told them that "he had his loan" of $150,000 from the West American Finance Company. Mr. R. De Luca testified that Mr. Penziner told them at that time that "he had a building loan", but the witness did not remember whether Mr. Penziner mentioned the name of the lender. Before signing, the follow-

ing clause was written into the contract with De Luca & Son: "This, a copy not to be recorded or used till building loan is recorded." Both the father and son admitted further discussion at that time regarding the insertion of this clause and pursuant thereto, the contract was not in fact recorded until some time after September 1, 1927. We need not discuss whether this clause constituted an express waiver of priority or created an estoppel to claim priority as contended by appellants. The testimony without conflict shows that both Mr. R. De Luca and Mr. John De Luca had actual notice that the loan had been consummated and expressly agreed that the "building loan" was to be recorded before their contract was to be "recorded or used". We are therefore of the opinion that because of such notice on the part of the lien claimants the deed of trust of appellants had priority over the lien of De Luca & Son.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 3, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1932.