[Civ. No. 4322. Second Appellate District, Division One.—March 25, 1925.]

SIMONS BRICK COMPANY (a Corporation), Respondent, v. VALENTINE HETZEL et al., Defendants; WESTERN LOAN & BUILDING COMPANY (a Corporation), Appellant.

L. R. ANDERSON, Respondent, v. G. C. HARBOLT et al., Defendants; WESTERN LOAN & BUILDING COMPANY (a Corporation), Appellant.

CAMPBELL & WARD (a Copartnership), Respondent, v. HARBOLT HOTEL CORPORATION (a Corporation) et al., Defendants; WESTERN LOAN & BUILDING COMPANY (a Corporation), Appellant.

F. E. NEWBERRY ELECTRIC COMPANY (a Corporation), Respondent, v. VALENTINE HETZEL et al., Defendants; WESTERN LOAN & BUILDING COMPANY (a Corporation), Appellant.

[1] MECHANICS' LIENS—COMMENCEMENT OF WORK — FINDINGS — EVIDENCE.—The term "commencement of work" means some work and labor on the ground, the effects of which are apparent—easily seen by everybody, such as beginning to dig the foundation, or work of like description, which everyone can readily see and recognize as the commencement of a building; and in these consolidated actions to foreclose mechanics' liens, the evidence was sufficient to sustain the finding of the trial court that work was commenced upon the building in question prior to the time the mortgage of defendant mortgagee was filed for record.

[2] ID.—FAILURE TO FILE CONTRACT—VALIDITY—EXTENT OF LIENS.—Since the 1911 amendment of section 1183 of the Code of Civil Procedure, a building contract, although not filed as required by the statute, is a valid and subsisting contract between the owner and the contractor, and is binding upon them and all persons furnishing labor or material for the building, except that when not recorded the liens provided for by said section, except that of the contractor, shall not be limited by the amount of the contract price.

[3] ID.—BASIS OF LIENS—DATE OF ATTACHMENT.—In such case, all liens for labor done or materials furnished for the building primarily rest upon such valid building contract and derive their validity therefrom, and there is no contract, either express or implied, between the owner and the subcontractors, or others performing work or furnishing materials for the building; and the liens of such persons, originating under and depending for their validity upon the original contract, date back to the time of the commencement of work upon the building.

[4] ID.—DIRECT LIEN.—A "direct lien," as that term is used in the 1911 amendment of section 1183 of the Code of Civil Procedure, does not mean a lien arising by virtue of a contract, express or implied, with the owner as distinguished from a lien where a valid contract was not properly filed.

[5] ID.—UNRECORDED CONTRACT—PRIORITY OF LIENS OVER MORTGAGE.—Where the original building contract is not filed, as prescribed by section 1183 of the Code of Civil Procedure, liens for labor performed and materials furnished under said contract relate back to the date of the commencement of the work upon the building, and not merely back to the time when the work and materials specified in the liens were done or commenced to be furnished; and such liens are prior to that of a mortgage which was not filed for record until after the commencement of said work.

[6] ID.—TIME FOR FILING LIENS.—Section 1187 of the Code of Civil Procedure does not require a subcontractor or materialman to file his claim of lien for record within thirty days after he last performed labor or furnished materials, where the contract between the owner and the contractor was not filed for record.

---

(1) 40 C. J., p. 268, n. 96, p. 477, n. 65; 27 Cyc., p. 1229, n. 4. (2) 27 Cyc., p. 1172, n. 47.  (3) 40 C. J., p. 266, n. 58.  (4) 40 C. J., p. 142, n. 45.  (5) 40 C. J., p. 266, n. 58.  (6) 40 C. J., p. 197, n. 18.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

---

3. See 17 Cal. Jur. 150.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke for Appellant.

Richard J. O. Culver, G. C. DeGarmo and Blen Behymer for Respondent.

CURTIS, J.—The Harbolt Hotel Corporation was, on the seventeenth day of April, 1917, the owner of a certain lot in the city of Los Angeles, and on said day said company entered into a written contract with one Valentine Hetzel for the erection on said lot of a hotel building. Said contract was not filed for record in the office of the county recorder of said county until the ninth day of June, 1917. On April 30, 1917, said hotel company executed a mortgage upon said real property in favor of appellant, the Western Loan and Building Company, to secure the payment of a promissory note for $42,972.50, and said mortgage was, on the seventh day of June, 1917, duly filed for record in the office of the said county recorder. Thereafter, respondents performed labor and furnished material in the construction of said hotel building, under said contract between said hotel company and the said Hetzel. Failing to receive payment for said labor and materials they filed liens for the respective amounts due them and thereafter instituted their actions for the foreclosure of such liens. The court rendered judgment in favor of said lien claimants, the respondents herein, not only sustaining their liens but decreeing that said liens were prior and superior to the mortgage lien of the Western Loan and Building Company, the appellant herein.

[1] The court found that prior to the execution and recordation of appellant's said mortgage, and on or about the seventeenth day of May, 1917, but prior to June 1, 1917, said contractor Valentine Hetzel, in pursuaance of the said contract for the construction of said hotel, began the erection and construction of said building and continued work thereon until the early part of November of said year. Appellant contends that the construction of said building was not commenced until after its mortgage had been filed for record in the office of said county recorder, and it attacks the finding of the court that the said contractor began the erection of said building prior to the 7th of June, 1917, as unjusti-

fied by the evidence. In support of this contention appellant refers to the testimony of F. H. Gentry and J. D. Brady to the effect that they visited the real property in question on the morning of the seventh day of June, 1917, for the purpose of seeing that work upon the building had not been commenced before the mortgage was recorded. These two witnesses both stated that they went upon said lot on said day and found no evidence of any work having been done on the building or indicating that the construction of said building had been commenced. And, furthermore, that there was no building material or machinery of any kind upon the lot at this time. Appellant calls our attention to the fact that these two witnesses were the only witnesses who testified at the trial as to the appearance or condition of said lot on the seventh day of June, 1917, the date the mortgage was recorded, and that therefore their testimony is uncontradicted. But there was testimony that some time during the latter part of May or the first part of June, 1917, and one witness in one part of the testimony puts the time as two days before appellant's mortgage was recorded, a firm by the name of Faulkner & Hobson, as subcontractors under the original contractor, Hetzel, were at work upon said lot, making excavations thereon to be used and which were actually used thereafter in the erection of said building; that said subcontractors excavated a trench along the front line of said lot about sixty feet in length and three or four feet in depth, and they spent two days in making such excavations, when they were stopped in their work because it was found that appellant's mortgage had not been recorded. Furthermore, that before these subcontractors had quit the premises, the witness F. H. Gentry, who represented appellant in certain matters and who testified that he went upon the lot on the morning of June 7, 1917, for the express purpose of seeing whether any work had been begun upon the building, visited the property and stated to the original contractor, Mr. Hetzel, "This work has to stop as the mortgage has not been recorded." He was informed by Mr. Hetzel that "We are just quitting. Harbolt was here and told us about it." The subcontractors thereupon quit all work and removed all their machinery and tools from said lot. After the mortgage had been recorded they resumed the work of excavating for the building, but being unable to give the

bond required of them, they ceased work altogether before finishing their contract.

As to just what is meant by the term "commencement of work" and as to the amount and character of work necessary to be done upon a building in order to say that work has been begun thereon, we think the true rule is stated in Phillips on Mechanics' Liens, third edition, page 387, where it is said: "What this law means is some work and labor on the ground, the effects of which are apparent— easily seen by everybody; such as beginning to dig the foundation, or work of like description, which every one can readily see and recognize as the commencement of a building." Applying this rule to the evidence before the court in this action, we cannot say that such evidence is not sufficient to sustain the finding of the court that work was commenced upon the building prior to the time that appellant's mortgage was filed for record.

Appellant's main contention on this appeal, however, is that the lien of its mortgage is superior and prior to the liens of respondents, even conceding that work was commenced upon the building before its mortgage had been recorded. Section 1186 of the Code of Civil Procedure provides as follows:

"Effect of Liens. The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also, to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement, or structure was commenced, work done, or the materials were commenced to be furnished."

In the case of *McClain* v. *Hutton*, 131 Cal. 132 [61 Pac. 273, 63 Pac. 182, 622], the supreme court, in construing the above section, held that where the contract between the owner and contractor was invalid, by reason of the failure of the parties thereto to comply with section 1183 of the Code of Civil Procedure, liens for labor performed and materials furnished, related back only to the time the work was done and the materials commenced to be furnished, and the court held that such liens were subsequent and in-

ferior to the lien of a mortgage filed for record after the building had been commenced but prior to the time the work was done and the materials were commenced to be furnished. The court in this case further held that "Under this provision (sec. 1186, Code Civ. Proc.) the cases must be divided into two categories, distinguished by the existence or non-existence of a valid contract. In the former case (where there is a valid contract) the priority of the liens is to be determined by the date of the commencement of the building; in the latter, by the time the work was done, or the materials commenced to be furnished." As we understand this decision, the court held that where there was a valid contract, liens thereunder related back to the commencement of the building, but where the contract was invalid, the liens related back only to the respective dates when the work was performed and the materials were commenced to be furnished. The reason of the rule thus enunciated we think is apparent. Under section 1183, as it stood at the time *McClain* v. *Hutton* was decided, the failure to record the contract rendered it "wholly void and no recovery could be had thereon by either party thereto, and in such case, labor done and materials furnished by all persons . . . except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." But, where the contract was duly filed for record, all liens against the building were based primarily upon the contract, and the labor and material covered by the liens were deemed to have been performed and furnished under said contract. The section therefore divided liens into two classes: those arising under a valid contract between the owner and the contractor, and those where the labor done and materials furnished were deemed to have been done and furnished at the personal instance of the owner. This latter class included all liens of subcontractors, materialmen, and laborers, when there was no valid contract of record, and each of these persons by section 1183 was given a lien by virtue of an implied contract between him and the owner. As far as his right to a lien was concerned, he occupied the same relative position to the owner as if the latter had not made any general contract whatever, but had personally and directly bought the materials and employed the labor used in the construction of

the building. In such a case, each laborer and materialman would depend for his lien upon his individual agreement with the owner, and his right to a lien would only commence when he began labor upon, or commenced to furnish material for, the building.

[2] The liens of respondents herein, however, rest upon a somewhat different basis. Since the decision of *McClain* v. *Hutton, supra,* and in 1911 (Stats. 1911, p. 1313), section 1183 was amended, and as then amended it is still in force. In its amended form it differs materially in its requirements from what it did prior thereto. It now contains no provision that for failure to record the original contract between the owner and contractor, said contract shall be wholly void, or void at all, or invalid. Neither does it contain any provision that when the contract is not filed for record "the labor done and materials furnished shall be deemed to have been done and furnished at the personal instance of the owner," nor any like provision. Under the section as it now stands, the contract, although not filed as required by the statute, is a valid and subsisting contract between the owner and contractor, and binding upon them and all persons furnishing labor or material for the building, except that when not recorded, the liens provided for by said section, except that of the contractor, shall not be limited by the amount of the contract price. [3] All liens for labor done or materials furnished for the building primarily rest upon this contract and derive their validity therefrom. There is no contract, either express or implied, between the owner and the subcontractors, or others performing work or furnishing material for the building. Following, therefore, the reasoning of the court in *McClain* v. *Hutton, supra,* the liens of such persons, originating under and depending for their validity upon the original contract, would date back to the time of the commencement of work upon the building.

There is nothing in the decision of *Roystone* v. *Darling,* 171 Cal. 526 [154 Pac. 15], which in any way conflicts with this conclusion. In the last-named case the court held that section 1183 described two classes of liens. One where the required bond and contract had been filed, in which case the amount of the liens is limited to the contract price of the building; and the other class, where the bond and contract have not been filed, in which case the liens, other than that

of the contractor, are not so limited. The latter class of liens, the court held, were direct and independent of any account of indebtedness between the owner and contractor, as this clause is used in section 14 of the act of 1911, amending said section 1183 and other sections of the Code of Civil Procedure upon the subject of liens of mechanics and others. Appellant argues that as the court held that this class of liens are direct liens, then they are deemed to arise by virtue of a contract direct with the owner, and, therefore, they relate back only to the time the work was done or materials were commenced to be furnished. We find nothing in this decision that would warrant such a construction. In fact, the court expressed some doubt as to the exact meaning of the term "direct liens" as used in said act (page 537) and it expressly refrained from any attempt to define the meaning of these words. In view of the language of the supreme court, we would hesitate to express an opinion as to just what was meant by this term. [4] We are satisfied, however, that a "direct lien," as the term is used in the amendment of 1911, does not mean a lien arising by virtue of a contract, express or implied, with the owner, as distinguished from a lien where a valid contract was properly filed. In the first place, while the law prior to 1911 expressly provided for a class of liens which were deemed to arise by virtue of a contract direct with the owner, the amended law contains no such provision. In the second place, section 1183, as amended in 1911, provides that "the liens in this chapter provided shall be direct liens." The chapter referred to is entitled "Liens of Mechanics and others upon real property," and embraces all of the law of the state upon the subject of liens of mechanics and others for labor done and material furnished in the construction of buildings, and "direct liens" referred to in section 1183 comprehend all liens, including those arising under a duly recorded contract, as well as those where no contract has been filed for record. To hold that, by the use of the term "direct liens" in this section it was intended to differentiate liens arising by virtue of a direct contract with the owner from those accruing through a contract between the owner and the contractor, would be to give this section a construction unwarranted by its context. [5] There is nothing, therefore, either in the decision of *Roystone* v. *Darling* or

in said section 1183 that would justify this court in holding that upon the failure to file the original contract, as prescribed by said section, the liens relate back only to the time when the work and materials specified in the liens were done or commenced to be furnished.

The respondents in this action, having performed labor and furnished materials under a contract between the owner and contractor, are entitled to liens for such labor and materials; and as such contract was a valid contract, their liens relate back to the date of the commencement of the work upon the building. Their liens are, therefore, prior to that of appellant's mortgage, which was not filed for record until after the commencement of said work.

[6] Appellant makes a further contention that respondents, in order to perfect their liens or to give them any vitality whatever, were required to file their respective claims of lien for record within thirty days after they had respectively furnished their last work and material. We think this contention is answered by section 1187 of the Code of Civil Procedure, which provides for the time of filing claims of lien. In a recent decision our supreme court has held in a case where the contract between the owner and contractor had not been filed as required by section 1183, as amended in 1911, that a claim of lien filed within thirty days after the filing of notice of completion is sufficient, provided ninety days have not elapsed from the date of actual completion. (*Bird* v. *American Surety Co.,* 175 Cal. 625, 631 [166 Pac. 1009].) Respondents, in filing their claims, met the requirements of said section 1187 as construed by this decision of our supreme court.

For the reasons hereinbefore expressed, judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.