[Civ. No. 4119. Third Appellate District.—July 11, 1930.]

DAN F. COOMBS, Plaintiff and Respondent, v. GREEN MILL, INC. (a Corporation), Defendant and Respondent; AURELIO GARAU, Defendant and Appellant.

[Civ. No. 4160. Third Appellate District.—July 11, 1930.]

MONTGOMERY LUMBER COMPANY (a Corporation) et al., Plaintiffs and Respondents, v. GREEN MILL INC. (a Corporation) et al., Defendants and Respondents; AURELIO GARAU, Defendant and Appellant.

Haas & Dunnigan for Appellant.

Neal E. Dow, Root, Bettin & Painter, Glen Behymer, D. Howard Painter and Conant Wait for Respondents.

THOMPSON, (R. L.), J.—Separate appeals were taken from judgments foreclosing mechanics' liens in these actions, which were consolidated for trial.

The appellant is the owner of eight lots in Los Angeles County which are described in the complaint. November 30, 1922, he executed a ten-year lease of the property to Green Mill Catering Company, a corporation. The lease recited that it was the intention of the lessee to promptly erect a building thereon to be used for restaurant and entertainment purposes. Before this structure was commenced and on December 11, 1922, the appellant posted and recorded notices under the provisions of section 1192 of the Code of Civil Procedure for the purpose of exempting the real property from liability for a failure to pay for this structure. A few days later the lessee constructed a concrete foundation for the proposed building. No further work was ever performed on this building. The Catering Company became financially embarrassed. The construction

of the building was abandoned. The lease was transferred to another corporation called the Green Mill, Inc. The appellant resided on the premises and knew of the abandonment of the structure on the part of the Catering Company. About five months later the Green Mill, Inc., contracted with the plaintiff Coombs to construct a restaurant on the same premises at a cost of $75,000. Work upon this new building was immediately commenced. The foundation which had been previously constructed by the original lessee was demolished. The new structure was completed in due time. The original lessee had nothing to do with its construction or the contract therefor. The building was entirely distinct from the one which was planned by the Catering Company. The appellant had full knowledge of the progress and completion of this restaurant. No notices of nonliability for the cost of this structure were ever posted or recorded. No such notices were ever given except the ones heretofore referred to which were posted by the owner of the land on December 11, 1922. Neither the contractor nor the materialmen were entirely paid for their contribution to this building. Liens were accordingly filed to secure the unpaid portion thereof. Payment was refused and these actions were instituted. The indebtedness was conceded. The appellant contends that the posting and recording of his original notices of nonliability relieve him from responsibility for this indebtedness. The evidence which was adduced in both cases is exactly alike with the exception of the amount and character of the indebtedness.

. The court found that the Green Mill Catering Company and the Green Mill, Inc., company are separate and distinct corporations, having no privity of interest in the property involved; that the last-mentioned corporation constructed the building and that the Catering Company had no part or interest in the same; that in the process of constructing said building, which was commenced May 15, 1923, the plaintiffs performed labor and furnished materials as alleged in the complaints, specifying the proportion thereof which remained unpaid; that liens therefor were duly filed; that the appellant is the owner of said property; that no notices of nonresponsibility therefor were posted or recorded pursuant to section 1192 of the Code of Civil Procedure and that the appellant is liable for said sums and

plaintiffs are entitled to a decree of foreclosure of said liens to satisfy the judgments. Judgments and decrees of foreclosure were accordingly entered, from which these appeals were perfected.

The respondents contend that the notices of nonliability which were posted and recorded by the appellant on December 11, 1922, had no application to the structure subsequently erected which is involved in these actions and therefore do not serve to relieve him from said obligations and liens; that the notices which were formerly posted were fatally defective in that the recorded copy thereof was not verified as required by law, and that the building was constructed under the direct agency of the appellant pursuant to a provision of his lease, to the effect that the building which was to be constructed by the lessee "shall at the end of said term, or the sooner termination of this lease, become the property of said parties of the first part [appellant and wife, and] constitutes a part of the consideration for the granting of this lease."

In view of our construction of section 1192 of the Code of Civil Procedure requiring the affirming of the judgments, it becomes unnecessary to pass upon the last two contentions of the respondents.

The notices of exemption from liability which were posted and recorded by the appellant pursuant to section 1192 of the Code of Civil Procedure had no application to the particular building for the cost of construction of which the liens were filed, and they were, therefore, ineffectual to relieve him from the statutory burden of the liens.

The land was leased November 30, 1922, to the Green Mill Catering Company. The lease gave notice that the Catering Company intended to construct a building on the premises. To escape from the liability of paying for the cost of that particular building, the owner, having "obtained knowledge of such construction" from the lease, anticipated the commencement of the structure and posted and recorded notices pursuant to law, on December 11, 1922, to the effect that he "would not be responsible *for the same.*" Assuming that these notices were not premature and were in all respects in absolute conformity with the statute, they were intended only to relieve the owner from liability for the cost of a specific structure to be built by his lessee, of which

proposed erection he had knowledge. This building was never constructed. The cement foundation was laid. It was then entirely abandoned and subsequently destroyed. The Catering Company became financially embarrassed. The lease appears to have been subsequently transferred to another company, called the Green Mill, Inc. About five months later, in the month of May, this new corporation, of which the appellant had no knowledge, commenced and in due time completed an entirely different structure to be used as a restaurant, at a cost of over $75,000. It was called the Green Mill. No new or other notices of exemption were posted or recorded by the appellant applicable to this building. At the trial the appellant was asked in regard to the identity of the building with respect to which he did post notices in December, 1922. He testified: "Q. It was not the same building that is known as the Green Mill, is it? A. It was not the same building. . . . Q. But the new building was started on or about the 15th of May, 1923, wasn't it? The new building that is now known as the Green Mill? A. The building that is there now, . . . I should judge about that time. . . . I was living there, so I was there pretty near every day. . . . Q. Did you ever re-record this notice [after December 11, 1922] at all? Did you ever record it the second time? A. No sir." There is substantial evidence to support the finding that no notices were posted on the premises while the building was in the process of construction. Mr. Coombs, the contractor, testified in that regard: "Q. At the time you started this construction did you see any notice posted on that land? A. No sir. Q. If there had been any would you have been able to observe it? A. Yes. Q. At any time during the construction of that building did any notice posted on the land come to your attention? A. No sir. Q. Or did you see any? A. No sir."

The above-mentioned section does not purport to exempt an owner of land from all liability for all structures, improvements or work of any kind or nature which may be placed upon the premises by any person at any future time. The owner may relieve his land from the burden of a lien for a specific building, structure or improvement "of which he has knowledge." Even though he may be absent when the work is done he may protect his land by giving notice of

exemption from liability within ten days of the time he obtains information of the improvement. ▌ The statutes do not authorize the giving of a general notice to be applied wholesale and indiscriminately to all future improvements for all time. The Constitution and the statutes guarantee the contractor and materialmen the protection of a lien under specific conditions to secure their compensation for labor and materials furnished. One who seeks to exempt his land from this obligation must strictly pursue the provisions of the statutes in that respect. (*Pasqualetti* v. *Hilson,* 43 Cal. App. 718 [185 Pac. 693].) ▌ With knowledge of the construction of the new building, it was the duty of the owner to repost notices to exempt him from liability if he desired to escape responsibility for this structure. (*Gentle & Co.* v. *Britton,* 158 Cal. 328 [111 Pac. 9].)

The statute is definite and specific as to what improvements or work may be exempted from the imposition of the statutory lien. It provides:

"Every building . . . constructed, altered or repaired . . . with the knowledge of the owner . . . shall be held to have been constructed, performed or furnished at the instance of such owner, . . . and such interest owned . . . shall be subject to any lien filed . . . unless such owner . . . shall, within ten days after he shall have obtained knowledge *of such construction* . . . give notice that he will not be responsible *for the same.*"

▌ Reasonably construing this section 1192 of the Code of Civil Procedure, which authorizes the exemption of an owner of property from a lien, it may not be said the notices which were posted and recorded with reference to a particular structure, of which the owner had knowledge, which was to be erected by a certain named company, will exempt the owner from liability for the construction of an entirely different building which was constructed five months later by another corporation, of which proposed building the owner had no knowledge at the time of posting the notices.

According to the testimony of the respondents, they had no knowledge of any notices of exemption which the appellant testified he posted on December 11, 1922, and kept displayed on the premises until the completion of the building. The contractor who had actual charge of the work testified that he never saw any such notices and that if they

had been displayed on the premises he would have observed them. Assuming that the recorded copy would have been constructive notice to the contractor or builder of the owner's claim of exemption, they would have a right to presume that it applied only to the structure which was to be erected by the original lessee, and not to the one which the Green Mill, Inc., subsequently constructed.

That company afterward took charge of the property and commenced the building of its $75,000 structure. If the statute could be construed to exempt the appellant from liability under the circumstances of this case, then an owner knowing of the intention of his lessee to build a barn or repair a shed at a trifling cost, might post and record notices with the object of exempting himself from these insignificant expenses and without further notice claim that they relieved him from the liability of the cost of constructing an elaborate hotel on the same premises at a tremendous cost by another person at a remote date, provided only the notice remained posted during this period of time. Clearly this was not the purpose of the statute. The notice of exemption was intended to apply to a definite and particular structure, improvement or work. In the present cases no such notices were given with respect to the building upon which the liens were filed. The trial court adopted a finding in that regard as follows: "No notice of nonresponsibility was posted or filed by the defendant Aurelio Garau, the owner in fee of the lands herein described, in compliance with section 1192 of the Code of Civil Procedure."

This finding is adequately supported by the evidence.

For the foregoing reasons, the judgments in both of these appeals are affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 9, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1930.