[L. A. No. 10590. In Bank.—December 31, 1931.]

BARR LUMBER COMPANY (a Corporation) et al., Respondents, v. ROY W. PERKINS et al., Defendants; LAWRENCE G. BRUBAKER, Appellant.

Ray W. Bruce for Appellant.

Frank G. Swain for Respondents.

LANGDON, J.—This is an action to foreclose two mechanics' liens. Defendant Lawrence C. Brubaker, on August 16, 1924, executed a written lease covering two lots, numbered 22 and 23, in the city of Los Angeles, to R. T. Colter, for a period of twenty years. The instrument gave the lessee the exclusive right to explore, mine, excavate and obtain oil, asphaltum, petroleum, natural gas and any other hydrocarbon substances contained in the premises. On or about January 27, 1925, and before any work was done, Colter assigned the lease to defendant Roy W. Perkins. On February 3, 1925, this defendant commenced to erect an oil derrick on lot number 23. On February 4, 1925, defendant Brubaker posted a notice of nonresponsibility, and filed a verified copy thereof in the office of the county recorder of Los Angeles County. On September 10, 1925, defendant Perkins started to erect another derrick on lot number 22. On September 16, 1925, defendant Brubaker posted and filed another notice of nonresponsibility. Plain-

tiff Barr Lumber Company furnished materials and plaintiff DePriest furnished labor in the construction of the derrick on said lot number 22. Being unpaid, they filed liens which were later foreclosed. Judgment was rendered in their favor by the lower court. In support of its decision the court found that the notice of nonresponsibility given by the owner was defective.

The statute (Cal. Code Civ. Proc., sec. 1192) which permits a noncontracting owner of land to give such notice, provides in part: "Said notice shall contain a description of the property affected thereby, sufficient for identification, with the name and nature of the title, or interest of the person giving the same, name of purchaser under contract, if any, or lessees, if known. . . . " The requirement that the name of the lessee be specified, if known, was added in 1925. The second notice of nonresponsibility, given subsequent to the amendment, failed to include such name. The first notice was given prior to the amendment, and was in full compliance with the statute as it then stood. This notice was general in its terms. It referred expressly to both lots and covered "any work or improvement" upon said land "or any part thereof". In our opinion it was sufficient to absolve the owner. The second notice was unnecessary and may be disregarded. Both derricks were erected as part of the same development on a parcel of land treated as a unit by the lease. It would be utterly unreasonable to require a separate notice for each derrick or other structure placed upon the land as part of a single plant for the extraction of oil from such a parcel of land. Like a mining claim, all the land may be considered as a unit for the purpose of filing the lien. (*Berentz* v. *Belmont Oil Min. Co.*, 148 Cal. 577 [113 Am. St. Rep. 308, 84 Pac. 47]; *Silvester* v. *Coe Quartz Mine Co.*, 80 Cal. 510 [22 Pac. 217]; *Williams* v. *Mountaineer G. M. Co.*, 102 Cal. 134 [34 Pac. 702, 36 Pac. 388].) The same is necessarily true as to the notice of nonresponsibility.

It is contended, however, that the owner of land who executes an oil lease cannot avail himself of the benefits of the statute permitting the filing of notices of this nature. This contention is based upon section 1183 of the Code of Civil Procedure which provides that "every contractor, subcontractor, superintendent or other person

having charge of any *mining* or work or labor performed in and about such *mining claim* or claims or real property worked as a mine, either as lessee or under a working bond or contract thereon shall be held to be the *agent* of the owner for the purposes of this chapter''. A principal, of course, cannot evade responsibility for such an act done by his agent in his behalf. But there is in our opinion no sound basis for a construction of this statute which would make the present lessor a principal and the lessee's assignee an agent. In *Berentz* v. *Belmont Oil Min. Co.,* 148 Cal. 577 [113 Am. St. Rep. 308, 84 Pac. 47], principally relied upon, the court concluded that an oil location should be deemed a mining claim, in order to permit a lien against the entire area of the land instead of against the particular structure upon which the lien claimants had worked. There was no question of notice of nonresponsibility in that case, and, as a matter of fact, the lessee alone was held. The authorities are somewhat conflicting on the precise nature of a lease of oil lands, some courts holding it to be only a license; but in this state it has in several instances been declared to be a genuine lease, creating an estate for years and a present interest in the land. (*Chandler* v. *Hart,* 161 Cal. 405 [Ann. Cas. 1913B, 1094, 119 Pac. 516]; *Taylor* v. *Hamilton,* 194 Cal. 768 [230 Pac. 656].) Neither authority nor reason suggests that such a lessee is the agent of the owner. None of the elements of agency are present. Moreover, the right of an owner of land subject to an oil lease to file a notice of nonresponsibility is impliedly recognized in *Coulter* v. *Hensen,* 204 Cal. 337 [268 Pac. 332], although this court there found that the statutory requirement had not been complied with.

We think that the lower court was in error in finding that no sufficient notice of nonresponsibility was given. In our opinion the notice was made in compliance with the statute and relieved the defendant Brubaker from responsibility to the lien claimants.

The judgment is reversed.

Richards, J., Seawell, J., Preston, J., Curtis, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.