[Civ. No. 4742. Third Appellate District.—February 18, 1933.]

R. G. DIXON, etc., et al., Respondents, v. JAY G. FRED-
ERICKS et al., Defendants; ANGELO BESSOLO et
al., Appellants.

Arthur T. Stollmack and L. M. Cahill for Appellants.

John D. Dillon for Respondents.

THOMPSON, J.—This is an appeal from a judgment imposing a mechanic's lien upon the premises of the owners thereof to secure the payment of a claim for painting the building. The contract for the work was made with the lessee of the premises. It is contended the property is not subject to lien because the painting was not done with the knowledge of the owners.

The appellants own lots 35–82, tract 3874, in Los Angeles, together with the building which is situated thereon. The premises were leased to the defendant Fredericks. November 9, 1928, the lessee entered into a contract with the respondents to paint the interior of the building. This contract was completed November 17, 1928. The reasonable value of the services is $374. December 17, 1928, the appellants signed a written acknowledgment of their liability for the claim and agreed to pay the bill. January 7, 1929, the respondents filed their claim of lien pursuant to statute against the appellants' property to secure the debt. The appellants failed to file or record a notice of nonresponsibility for the claim as provided by section 1192 of the Code of Civil Procedure. The court adopted findings in accordance with the foregoing statement of facts. Judgment was rendered against the appellants for the sum of $374, together with interest thereon and costs. The decree imposes a lien upon the property to secure the debt. From this judgment the defendants Bessolo, Bessolo & Gualano, Inc., and R. E. Hennessey have appealed.

The appellants claim the judgment is not supported by the findings; that their property is not subject to lien for the reason that the painting was not done with their knowledge or consent. We think this contention is without merit. Section 1192 of the Code of Civil Procedure provides in part: "Every building or other improvement or work mentioned in any of the preceding sections of this chapter constructed, altered or repaired upon any land with the knowledge of the owner or of any person having or claiming any estate therein, and the work or labor done or materials furnished mentioned in any of said sections with

the knowledge of the owner or persons having or claiming any estate in the land, shall be held to have been constructed, performed or furnished at the instance of such owner or person having or claiming any estate therein, and such interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner or person having or claiming any estate therein shall, *within ten days after he shall have obtained knowledge of such construction, alteration or repair or work or labor, give notice that he will not be responsible for the same* by posting a notice in writing to that effect in some conspicuous place upon the property, and shall also, within the same period, file for record a verified copy of said notice in the office of the county recorder of the said county in which said property or some part thereof is situated.''

The preceding section makes two major declarations. First, it states that all work, labor or materials, construction, alterations or repairs which are made, performed or furnished on any building ''with the knowledge of the owner'' shall be deemed to have been ''constructed, performed or furnished *at the instance of such owner*''. Secondly, the section declares that ''such interest [in a building] owned or claimed, shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner'' files a notice of nonresponsibility therefor ''within ten days *after he shall have obtained knowledge* of such construction, alteration or repair or work or labor''. This section clearly means that when work is performed or materials furnished with the knowledge of the owner, it is deemed to have been at his personal instance and request. This creates a liability without question. Then the section proceeds to declare that regardless of knowledge on the part of the owner of the building at the very time the work is performed or the materials furnished, his interest in the structure is subject to a lien for any construction, alteration, repair, labor or materials furnished or performed thereon, unless he files a notice of nonresponsibility within ten days after he secures the knowledge thereof. This section renders all buildings upon which labor is performed or materials furnished subject to lien whether the work is done or the materials furnished at the instance of the owner or with or without his knowledge, except that it grants him

ten days after he has obtained knowledge thereof in which to specifically disaffirm his liability by filing the prescribed notice therefor. Since an owner may disaffirm his liability within ten days after he becomes aware of the transaction, it necessarily follows that a lien which is filed before the owner secures the knowledge is ineffectual.

The imposing of a lien does not necessarily depend upon the owner's personal contract for the labor or materials, or even upon his knowledge thereof at the very time of performance. An owner may ratify a contract for improvements upon his building by failure to repudiate his liability within the time allowed by law after he secures knowledge thereof. In the case of *Coombs* v. *Green Mill, Inc.*, 107 Cal. App. 204 [290 Pac. 620, 622], the property of an owner was held to be subject to lien to secure the contract price of a structure which was erected on his premises by a lessee, because he failed to file a notice of nonresponsibility after he secured knowledge thereof. The court says: ''The owner may relieve his land from the burden of a lien for a specific building, structure or improvement 'of which he has knowledge'. Even though he may be absent when the work is done he may protect his land by giving notice of exemption from liability within ten days of the time he obtains information of the improvement.''

In the present case the appellants failed to exempt themselves from liability and failed to relieve their land from the lien by neglecting to give the notice of nonresponsibility as required by statute. It does not affirmatively appear when they first secured knowledge of the painting of their building. The evidence is not before this court. In support of the judgment, the presumption would therefore be indulged, that the evidence conclusively shows the owner had full knowledge of the contract at the very time of its performance. A lack of knowledge of the improvements on the part of the owner is a matter of defense. It was unnecessary to allege in the complaint such lack of knowledge. It does, however, appear without conflict that the appellants did have actual knowledge of the entire transaction twenty days before the lien was filed. The court found that on December 17, 1928, they ''acknowledged in writing the claim of plaintiff and agreed to pay the same''. Instead of repudiating the obligation, they deliberately ad-

mitted their liability and agreed to pay the debt. This constitutes a ratification of the contract and an acknowledgment of liability. The judgment is adequately supported by the findings. The lien is valid.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.