[Civ. No. 9339. First Appellate District, Division Two.—April 23, 1934.]

J. R. HAUPENTHAL, Respondent, v. BERT L. PERRY, INC., et al., Defendants; S. H. KRESS & COMPANY (a Corporation), Appellant.

Joe Crider, Jr., Clarence B. Runkle and Ernest K. Little for Appellant.

Francis B. Cobb for Respondent.

NOURSE, P. J.—Plaintiff sued as assignee of a claim of lien filed for materials used in the construction of a building for S. H. Kress & Company, the owner. Judgment went for plaintiff and the owner alone has appealed.

The trial court found that plaintiff's assignor furnished to Bert L. Perry, Inc., upon an express contract evidenced by an open account, electrical materials which were used in the building under contract with the owner; that in due time this assignor filed its claim of lien which was duly assigned to plaintiff; and that, after said assignment Bert L. Perry, Inc., was adjudged a bankrupt.

Following the assignment to respondent, the assignor filed a claim against Bert L. Perry, Inc., in the bankruptcy proceedings covering the same items of account, and for this reason, appellant argues that the trustee in bankruptcy is

a necessary party plaintiff. The trial court found that he was not a necessary party. The proof of the assignment made a *prima facie* case for plaintiff. The evidence of a subsequent claim made by the assignor was merely evidence tending to prove a rescission or waiver. The intention of the parties was a question of fact for the trial court and its finding is conclusive.

Appellant contends that the finding that the materials were furnished under an express contract to be used in the building is not supported by the evidence. Without reciting the evidence in detail we find that all the materials were shipped to the "Kress Job" at Pasadena under express authority of a letter from Bert L. Perry, Inc., addressed to respondent's assignor prior to the date of the first shipment, and that all materials were delivered to that job under invoices expressly identifying the contract.

Appellant attacks the judgment on the ground that the complaint failed to allege that the owner did not file a bond and hence did not affirmatively bring the case within the class of liens in which a foreclosure is permitted irrespective of the contract price. *Tyler* v. *J. I. Mitrovich Building Co.*, 47 Cal. App. 59 [190 Pac. 208], is cited as the only case in point. Appellant misconceives the ruling in that case, which was that, when the plaintiff assumes that a good bond has been filed, joins the sureties as parties, and seeks recovery on the bond, he may not attack the validity of the bond on the trial. In other words, if a bond has been filed and the plaintiff seeks foreclosure on the ground that the bond is void, he must make appropriate allegations to tender that issue. Here the pleadings do not mention a bond and the cause was tried on the theory that no bond was filed. If a bond had been filed in accordance with the statute it was a matter of defense which the appellant should have raised by answer.

The judgment awarded respondent interest from the date of filing the lien. Appellant argues that interest could not run prior to judgment because of the language of section 1183, Code of Civil Procedure, reading: "But said several liens shall not in any case exceed in amount the reasonable value of the labor done or material furnished, or both . . . " From this it is argued that, notwithstanding an express contract, the suit to foreclose must be

deemed one in *quantum meruit* for which interest could run from the judgment only. Our understanding of the portion of the section quoted is that it was intended to give the court equitable jurisdiction over all contracts, express or implied, to prevent a fraud upon the owner through collusion between the labor and materialmen and the contractor or subcontractor. ■ Here we have an express contract calling for interest thirty days after each invoice. The reasonable value of the goods delivered was not contested. The amount due might have been readily ascertained by mere calculation.

Counsel have not indicated in their briefs why the date of filing the lien was selected as the date from which interest should run. The appellant argues that it should not run prior to the judgment; the respondent argues that it should run from the date of the lien or from the date suit was commenced. The cases cited by appellant are not helpful. *Barr Lumber Co.* v. *Perkins,* 64 Cal. App. Dec. 1154 [297 Pac. 922], was set aside by the Supreme Court, 214 Cal. 531 [6 Pac. (2d) 948]. *Combs* v. *Eberhard,* 120 Cal. App. 25 [7 Pac. (2d) 338], involved unliquidated claims for extras. Respondent relies on *Hardwood Interior Co.* v. *Bull,* 24 Cal. App. 129 [140 Pac. 702], as supporting the judgment carrying interest from the date the lien was filed. A statement to that effect is found in the syllabus, but is not supported in the text of the opinion. *Pacific Mut. Life Ins. Co.* v. *Fisher,* 106 Cal. 224, 234 [39 Pac. 758, 760], and *Hubbard* v. *Jurian,* 35 Cal. App. 757, 766 [170 Pac. 1093], are directly in point. In the former the court said: ''If a claimant has furnished materials from time to time as they were needed, and receives payments on account, his claim is not 'unliquidated and open to be adjudicated' ''. In the Hubbard case the court said: '' . . . at the time the several actions were commenced to foreclose the several claims of lien, the lien claimants' right to recover upon the open account upon which the liens rested was vested in them and was capable of being made certain by calculation. Consequently they were entitled to recover interest upon their several claims from the date of the commencement of the several actions.''

For these reasons the judgment should be modified. The lien was filed April 8, 1931. The complaint was filed June

29, 1931. The interest covering this period amounting to $33.40 should be deducted from the amount of the judgment so that the latter will cover an award to plaintiff in the sum of $1906.89, "together with interest thereon at the rate of seven per cent (7%) per annum from June 29, 1931, etc.".

The judgment is modified accordingly, each party to bear its own costs.

Sturtevant, J., and Spence, J., concurred.