[Civ. No. 9957. Third Dist. Mar. 1, 1961.]

ARTHUR B. SIRI, INC. (a Corporation), Plaintiff and Appellant, v. L. V. BRIDGES, Defendant and Appellant.

Rader & Truitt and Richard E. Rader for Plaintiff and Appellant.

Falk & Falk and Robert C. Dunn for Defendant and Appellant.

SCHOTTKY, J.—L. V. Bridges has appealed from a judgment in favor of Arthur B. Siri, Inc., a California corporation, which judgment determined that the corporation has a valid lien on certain real property owned by Bridges and which ordered that the lien be foreclosed.

In February 1956, Bridges entered into a contract with defendants Gerhardt and Trotman whereby the former agreed to sell certain real property for $24,000, and Gerhardt and Trotman, who were building contractors, agreed to subdivide the property, grade and surface the streets, and build a home on each of the 12 lots. It was also agreed that as each lot was sold Bridges would execute a grant deed to Gerhardt and Trotman and place the deed in escrow with instructions that the deed be delivered upon payment of $2,000. The agreement also provided that Gerhardt and Trotman would have immediate possession of the property and that they would have until September 1957 to complete the construction and sale of the homes.

The property was wooded and the second growth timber was sold to a lumber company who had the timber removed. These operations commenced between March 1st and March 15, 1956. On March 19, 1956, Bridges obtained actual notice that the property was being logged, and on March 26, 1956, he posted a notice of nonresponsibility. A copy of this notice was recorded the following day. Prior to the start of the logging operations Gerhardt and a surveyor did certain survey work on the property.

On May 30, 1956, Gerhardt and Trotman entered into a contract with Arthur B. Siri, Inc., respondent herein, whereby respondent agreed to clear and grade the land and construct streets, curbs and sidewalks. Neither respondent nor its

employees had actual notice of the notice of nonresponsibility. Respondent performed his contract and did some additional work. On January 17, 1957, respondent recorded its verified claim of lien, and on April 17, 1957, this action was commenced. Gerhardt was adjudicated a bankrupt and respondent was listed as a creditor in the bankruptcy proceedings so no judgment was entered against Gerhardt.

The court determined that Siri had a lien under the provisions of section 1184.1 of the Code of Civil Procedure; that the notice of nonresponsibility was ineffectual to prevent the lien from attaching to the land; that Siri had a lien in the amount of $22,423.20 plus interest and costs; and that it was entitled to a judgment in the aforementioned amount, plus attorney fees against Trotman for $2,500. This appeal by Bridges followed. Siri has cross-appealed because the attorney fees were not also made a lien on the land.

Appellant Bridges claims that the court erred in concluding that his notice of nonresponsibility was ineffective to prevent the lien from attaching to his land.

We shall first determine whether this contention is valid. Section 1183.1 of the Code of Civil Procedure provides in part that ''(b) Every building or other improvement or other work mentioned in this chapter . . . constructed, altered or repaired upon any land with the knowledge of the owner . . . , shall be held to have been constructed, . . . at the instance of such owner . . . , and such interest . . . shall be subject to any lien filed in accordance with the provisions of this chapter, unless such owner . . . shall, within 10 days after he shall have obtained knowledge of such construction, . . . , give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon the property, and shall also, within the same period, file for record a verified copy of said notice in the office of the county recorder. . . .''

The knowledge which is referred to in the statute is knowledge of actual construction, not intended construction. (*Hayward Lbr. & Inv. Co.* v. *Orondo Mines*, 34 Cal.App.2d 697 [94 P.2d 380].) A premature notice of nonresponsibility is ineffective to relieve an owner from liability. (*Hayward Lbr. & Inv. Co.* v. *Ross*, 32 Cal.App.2d 455 [90 P.2d 135] ; see also *Hayward Lbr. & Inv. Co.* v. *Ford*, 64 Cal.App.2d 346 [148 P.2d 689].) It is a question of fact whether improvement has been commenced. (*English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631, 637 [20 P.2d 946, 87 A.L.R.

1281].) In the English case, *supra,* the court said at page 637:
" ' "As to just what is meant by the term 'commencement of work' and as to the amount and character of work necessary to be done upon a building in order to say that the work has been begun thereon, we think the true rule is stated in Phillips on Mechanics' Liens, third edition, page 387, where it is said: 'What this law means is some work and labor on the ground, the effects of which are apparent—easily seen by everybody; such as beginning to dig the foundation, or work of like description, which everyone can readily see and recognize as the commencement of a building.' " . . . The object of such a notice is to bring home to those who are expending labor or materials upon a building, the fact that the owner of the land will not be responsible for such labor or materials. The notice must be posted on the ground within ten days after the owner has notice of the commencement of construction. . . .' "

 In the instant case the facts disclose that after the contract for the sale of the land was signed the purchasers entered into a contract of sale of the second-growth timber. The vendees removed some of the underbrush from the property. This work began about March 1st. At the same time a surveyor entered the property to make preliminary surveys of the property and the lot lines were marked by means of stakes with red markers. A loading dock was constructed and a temporary road cleared. Logging commenced about March 15th. Most of the marking stakes were destroyed during the logging operations. On March 26th the notice of nonresponsibility was posted.

We think that on these facts the court could find that the notice of nonresponsibility was premature. We do not believe that it may be said as a matter of law that the notice of nonresponsibility was timely filed. The logging of timber on the outskirts of a community in a timber area would not necessarily indicate that the property was to be improved. It was not such an act that necessarily would bring home to an observer that this was the commencement of the improvement of the land for subdivision purposes. More would have to be shown, as for example the removal of stumps and the clearing of all of the brush. The fact that surveyor's stakes had been set was a factor which the trial court would consider, but even this added fact would not compel a finding that the improvement had been commenced since these acts were not such as to bring home to everyone that this was the beginning of an improvement. An observer may well have thought that

merely the timber was being sold. As stated this was a question for the trial court to resolve and its finding is supported by substantial evidence.

 The only other point that requires discussion is the cross-appeal of Albert B. Siri, Inc. It contends that the court erred in not making the attorney fees awarded against the defendant Trotman personally part of the amount of the lien foreclosed against the property of Bridges. The general rule is well settled in this state that unless specifically provided by statute or by an express or implied agreement of the parties a litigant is not entitled to recover attorney fees. (*Anger* v. *Borden*, 38 Cal.2d 136 [238 P.2d 976] ; *Stockton Theatres, Inc.* v. *Palermo*, 124 Cal.App.2d 353 [268 P.2d 799].) No such statute exists. The contractual provision between Trotman and Gerhardt and Siri would not authorize an award against the land of Bridges because Bridges was not a party to the contract.

The judgment is affirmed. Each party is to bear his own costs upon appeal.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied March 30, 1961, and the petition of defendant and appellant for a hearing by the Supreme Court was denied April 28, 1961. Schauer, J., Peters, J., and Dooling, J., were of the opinion that the petition should be granted.