[Civ. No. 10554. Third Dist. Oct. 11, 1963]

JAY BAILEY CONSTRUCTION COMPANY, Plaintiff and Appellant, v. BERRY HOTEL CORPORATION et al., Defendants and Respondents.

**136**

Rodegerdts, Means & Northup and Oliver J. Northup, Jr., for Plaintiff and Appellant.

John M. Welsh for Defendants and Respondents.

PIERCE, P. J.—The appeal is from a judgment in favor of defendant owners of hotel property and against a mechanics' lien claimant-plaintiff after a court trial.

The question is the sufficiency of either or both of two posted and filed-for-record notices of nonresponsibility to block the claim of lien. Plaintiff contractor admittedly performed and supplied unpaid-for work and materials on a hotel remodeling job and filed its claim of lien within time.

Its ground of challenging the two notices of nonresponsibility is that the first was premature and the second too late. The trial court found against both contentions and we hold its ruling was correct.

On December 5, 1957, Berry Hotel Corporation, lessee of a hotel in Sacramento, sent a letter, through its manager, to the hotel property owners, defendants Herman A. Schoening and wife, of intended imminent performance of a remodeling project, specifically the conversion of ground floor shops into an enlarged bar and restaurant. The first step was to be the removal of a marquee by a wrecking company. After receipt of the letter and on December 16, 1957, the Schoenings visited the property. They observed work in progress and on the same day posted and filed for record a notice of nonresponsibility. Later in December removal of the marquee was completed. Thereafter between January and March the work done was sporadic, slow and finally came to a halt. The work done consisted of copper pipe installed over the ceiling of the first floor to provide upstairs hot water; removal of certain

partitions, plumbing fixtures, store balconies and a copper cornice.[1]

A contract for other work on the project was entered into between the corporate lessee and plaintiff, and plaintiff commenced work thereunder on April 1, 1958. The Schoenings first observed the work being done by plaintiff on a visit to the premises April 7th. On April 15th they posted and filed a second notice of nonresponsibility.

Code of Civil Procedure section 1183.1 provides that every improvement constructed, altered or repaired upon land with knowledge of the owner and the work performed and materials furnished therefor with such knowledge shall be held to have been done at the instance of such owner who shall be subject to mechanics' liens filed unless he "shall, within 10 days after he shall have obtained knowledge of such construction, alteration or repair or work or labor, give notice that he will not be responsible for the same" by posting a notice and filing a verified copy thereof of record.

The contention that the first notice of nonresponsibility given by the Schoenings was insufficient would have to be based either upon the claim that (1) it was premature or (2) that the work done by plaintiff in April was upon a separate project.

Plaintiff rests its attack upon the first ground and cites *Arthur B. Siri, Inc.* v. *Bridges*, 189 Cal.App.2d 599 [11 Cal. Rptr. 322], which holds that an owner's notice of nonresponsibility posted and recorded *before the actual commencement of work* is ineffective to defeat the lien. The reason for this rule is that its object is to give notice to those actually engaged in work on, or furnishing materials to, a project; in other words, it is to require currency in the giving of notice.

█ Another rule, however, specifies that *any* substantial, observable work done will constitute "commencement." And since an owner is only allowed 10 days by said statute after having obtained knowledge of the commencement of the work within which to give notice, courts cannot reasonably apply too rigid an interpretation of "commencement of work" in pegging the date thereof. An owner cannot be expected to stand by anxiously watching, notice in hand, withholding posting and filing for record, gambling upon hitting just the perfect point which constitutes "commencement." So long

---

[1]There was a dispute in the testimony as to whether part of this work was done before April 1st. Substantial evidence, which the trial court was justified in accepting, showed that it had been.

as the owner acts seasonably to put potential lien claimants on notice he should not, by arbitrary court-made rules be put in a quandary lest he file too soon or too late.

Here both the Schoenings testified that on the very day that notice was posted and filed of record the work had commenced. The trial court made its finding: "That said Notice ... was posted and recorded within ten days of the commencement of work of removal and remodeling of the premises ...." It also found "it [i.e., lessee corporation] actually started on said work within ten days prior to the 16th day of December, 1957." Substantial evidence supported this finding.[2] Plaintiff's contention seems to be that work had not commenced because the marquee had not been removed by December 16th, but, of course, it is commencement not completion which starts the time period within which notice must be given.

In *English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 P.2d 946, 87 A.L.R. 1281], it was held that the digging of a test hole and hauling of lumber on the premises were sufficient to constitute work commencement. That case in turn cited *Simons Brick Co.* v. *Hetzel*, 72 Cal.App. 1 [236 P. 357], where the excavation of a trench was held sufficient even though no tools or materials or other evidence of building of any description had been brought on the premises.

Regarding the question as to whether the project upon which plaintiff performed work in April and thereafter was the same as that commenced in December, the court's find-

---

[2]Schoening, who was himself a contractor, testified that on December 16, 1957, he had visited the premises, and had observed a couple of workmen on ladders placing a trim board or spacing board "over the awnings to make it neater." He also testified on cross-examination: "Q. But in any event, they were putting a trim board over the holes ... A. Yes, and also—let's see, there had been some work done this side. I was going to see it at that time, but, let's see—well that is all they were doing at that time. That is enough to let me—Q. I want to be sure. MR. WELSH [Counsel for the Schoenings]: Let him finish his answer. A. He started on it. I wouldn't have filed the Notice of Non-Responsibility if no work had been started. I am sure of that by my experience as a contractor and architect, he had to be doing some work."

Mrs. Schoening also testified that she was present when her husband posted the notice; the notice was posted within 10 days of the time work had been commenced. Previously she had described the work as "the cornice on the Eighth Street side, they were taking that down and also—THE COURT: Eighth or L Street? A. It is both on Eighth and L. It was the side where the awnings were and everything and Mr. Baker thought it looked so bad it gave a bad impression of the building ...."

ings stated above and its conclusions imply that it was. ■
No request was made for more specific findings and, in the
absence of a request by plaintiff therefor those made support
the judgment. (Code Civ. Proc., § 634; *Ruppert* v. *Jackson,*
212 Cal.App.2d 678, 684 [28 Cal.Rptr. 467].)

In *Coombs* v. *Green Mill, Inc.,* 107 Cal.App. 204 [290 P.
620], this court held that a notice of nonresponsibility given
with reference to a particular structure was insufficient to
protect the owner against liens filed for construction of
another (substitute) building built on the premises six
months thereafter. But in *Barr Lumber Co.* v. *Perkins,* 214
Cal. 531 [6 P.2d 948], where two oil derricks were construc-
ted at different times on the same parcel, a notice of nonre-
sponsibility given when the first was constructed was held
adequate to protect the owner against liens filed for construc-
tion of the second since they were both for the same project.
The court said (on p. 533) :

". . . It would be utterly unreasonable to require a separate
notice for each derrick or other structure placed upon the land
as part of a single plant for the extraction of oil from such a
parcel of land."

■ The court here was justified from the evidence in
considering that the work done by plaintiff was part of a
single project.

But even if that were not so and the December notice was
therefore insufficient, the April notice would have protected
the Schoenings.[3] This notice was given on April 15, 1958,
and although this was more than 10 days after the April 1st
commencement of plaintiff's work, it was less than 10 days
after the Schoenings had actual knowledge of such com-
mencement.

Plaintiff's contention that the Schoenings had had earlier
constructive knowledge cannot be sustained. It is true that
constructive as well as actual knowledge may render a notice
ineffective. (*Harmon Lumber Co.* v. *Brown,* 165 Cal. 193 [131
P. 368] ; and see cases collected 123 A.L.R. 50 et seq.) But
here plaintiff's work concededly did not commence until

---

[3]It was the December notice upon which the Schoenings relied in their
pleadings. They reiterated this at the outset of the trial. Nevertheless,
both plaintiff and defendants introduced evidence and submitted argu-
ments concerning the April notice and no objection was made. Plaintiff
cannot now argue that the sufficiency of the April notice is outside the
issues. (3 Witkin, California Procedure, p. 2261, and authorities there
cited.)

April 1, 1958, and the Schoenings who customarily went to the premises weekly did not visit it after the work started until April 7th. Their visit immediately preceding that had been on March 31st at which time no work by plaintiff had been commenced and they were told that recommencement of work would occur about the middle of April. Nothing has been pointed out to us showing they had constructive notice of plaintiff's operations between April 1st and April 7th. It is true that the court's findings refer to the Schoenings having received ''actual notice'' on the latter date, and say nothing about constructive knowledge, but again there was no request for a special finding and the rule we stated in *Ruppert* v. *Jackson, supra*, is therefore applicable.

The judgment is affirmed.

Schottky, J., and Friedman, J., concurred.